**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ABILITY INSURANCE COMPANY,

                     Plaintiff,

        v.

ST PAPER, LLC

                     Defendant.

Civil Action No.:  1:20-cv-03851 (GBD)

## STIPULATED PROTECTIVE ORDER

        To protect the confidentiality of documents and other materials produced during discovery, the parties to this action hereby stipulate and agree that the following Protective Order shall be entered in this matter and shall govern all discovery and discovery proceedings in this action:

### A.      GENERAL PROTECTIVE ORDER

**1.    Confidential Material.**

        Any party to this action or third party subject to discovery in this action any shall have the right to designate any material produced during discovery (including exhibits, documents and things produced by any party or witness, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits and deposition testimony or transcripts) which comprises or contains information which such party or witness claims in good faith to constitute or contain non-public or business sensitive information as "CONFIDENTIAL."  Material designated as "CONFIDENTIAL" is hereinafter referred to as "Confidential Material."

This Protective Order shall not act to preclude or waive any objection by any party or by any third party from which discovery is sought as to any discovery matter other than one asserting that the materials sought to be discovered constitute confidential information.

**2.      Marking and Deposition Procedures.**

A designation as to documents or any other tangible thing produced shall be made by placing an appropriate legend on each page of the document or on the cover or in a prominent place on any other tangible thing prior to production of the document or tangible thing that certain documents (identified by Bates stamp number) are "CONFIDENTIAL." Wherever practical, the designation shall be made electronically on documents produced in electronic format or by affixing a label onto the medium onto which the electronically stored information has been copied. If a designation cannot be made on an electronic document because the file is produced in native format, the producing party bears the burden of providing that native file designation to all parties who receive that Confidential Material. Deposition transcripts or portions thereof may be designated as confidential by a party or third-party witness either: (a) orally at the time the testimony is taken, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or by the reporter, as the designating party may direct or (b) by written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends written notice to the objecting party or its counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their or their clients' possession or control as directed by the designating party or witness. Pending expiration of the ten (10) business days, all parties and, if applicable, any third-party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "CONFIDENTIAL." No person shall attend the designated portions of such

depositions unless such person is an authorized recipient of Confidential Material under the terms of this Order.

**3.     Restriction on Disclosure and Use.**

No person may use or disclose Confidential Material or information derived from such material (excluding information which is derived lawfully from an independent source) except for purposes of this action and as set forth in this or any further order of the Court; but nothing contained in this Order shall affect the right of a party or other witness to use or disclose its own Confidential Material as it sees fit. In addition, except as otherwise provided herein, no employee or agent of any receiving party shall be given access to Confidential Materials of any producing party, nor shall the contents or substance of any Confidential Material be disclosed to any such person.

Other than court personnel, access to the Confidential Material marked shall be limited to:

a.      Counsel (including in-house counsel) for the respective parties for this litigation, regular employees of said counsel who are assisting in the prosecution or defense of this litigation, and other lawyers in the firm of said counsel who are assisting in the conduct of this litigation;

b.      Experts, consultants, contract attorneys, and third parties assisting with electronic discovery (including all of their employees or clerical assistants), who are employed, retained or otherwise consulted by counsel of record for the purpose of analyzing data, conducting studies or providing opinions to assist, in any way, in this litigation;

c.      Witnesses, deponents, and persons whom counsel of record believe are likely to be called to give testimony on matters directly relating to the Confidential Material and as to only that specific Confidential Material; and

-3-

      d.     Executives and officers of the respective parties to this litigation (or their designated representatives) who are assisting in the prosecution or defense of this litigation.

The designation of any document as "CONFIDENTIAL" shall not preclude any party from showing such document to any person who appears as the author or as a recipient on the face of the document, or whom metadata or other disclosures from the producing party indicates is a custodian of the document.

**4.     Agreement.**

In no event shall any Confidential Material, papers or information derived directly from or quoting such Confidential Material be disclosed to any person other than those delineated in this Order and who have agreed to be bound by the terms of this Order (or court personnel), except by order of the Court or by written stipulation of the parties.

**5.     Procedures for Filing Confidential Material.**

Confidential Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation, provided, however, that to the extent a party intends to use or submit any third-party Confidential Material to the Court, the disclosing party shall give that third-party at least five (5) days' notice so as to the third-party to confer with the disclosing party regarding the use or submission of the Confidential Material to the Court and/or permit the third-party to object to the use or submission of that Confidential Material.

**6.     Procedure for Modification or Objection to Designation.**

No party to this action shall be obligated to challenge the propriety of any designation by any other party or witness, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.  Any party objecting to the designation of any information as "CONFIDENTIAL" must give counsel for the designating party written notice of its reasons for the objection and

-4-

within five (5) business days of such notice meet and confer with counsel for the designating party in a good faith effort to resolve their differences. Failing resolution within this ten (10) business day period, the party objecting may, on duly noticed motion, seek an order changing or removing the designation. On such a motion, the producing party shall bear the burden of establishing that the information is properly designated as "CONFIDENTIAL."

All parties agree to fully cooperate in good faith in order to resolve such disputes in a prompt fashion,

**7.      No Waiver.**

No party to this litigation who treats materials designated by another party as Confidential shall be deemed to have conceded that the information actually is confidential.

The taking of, or the failure to take, any action to enforce the provisions of this order, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Order, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(a)      Is or is not relevant, material, or otherwise discoverable;

(b)      Is or is not confidential or proprietary to any party;

(c)      Is or is not entitled to particular protection; or

(d)      Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

Failure to designate any information in accordance with this Protective Order shall not preclude the producing or receiving party or non-party from filing a motion to designate such information. The entry of this Protective Order shall not be construed as a waiver of any

right to object to the furnishing of information in response to a request for discovery, nor shall it relieve any party of any obligation to produce information in the course of discovery.

**8.      No Probative Value.**

The fact that information is designated, or is not designated, as confidential or highly confidential information under this Order will not be considered to be determinative of what a trier of fact may determine to be confidential or proprietary.  The fact that any information is disclosed, used, or produced in discovery or at trial in this action will not be construed to be admissible or offered in any action or proceeding before any court, agency, or tribunal as evidence that the information:

    (a)      Is or is not relevant, material, or otherwise permissible;

    (b)      Is or is not confidential or proprietary to any party;

    (c)      Is or is not entitled to particular protection; or

    (d)      Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

**9.      Claims of Privilege**

Consistent with Federal Rule of Civil Procedure 26(b)(5), the parties agree that the inadvertent production of information subject to a claim of attorney-client privilege, attorney work product, or any applicable privilege or protection shall not constitute a waiver of the privilege.  If a party learns that privileged information has been inadvertently produced, the producing party shall inform the recipient party of that inadvertent production.  Upon receipt of the notice, the receiving party shall promptly destroy or return the information to the producing party, and shall not use the information for any purpose other than subsequently filing a motion with the Court to compel production of the information.  Such a motion shall be filed under seal,

and shall not assert the facts or circumstances surrounding the inadvertent production as grounds for compelling production.

**10.     Third Party Requests**

Any party that receives a demand from a third party for production of materials (by subpoena, civil investigative demand, or any other legal process) that would include another party's Confidential Material shall notify the producing party within five (5) business days of the receipt of that demand. Prior to the time required for compliance with the third party demand, the producing party shall either (a) inform the party subject to the third party demand that it does not object to the production of the Confidential Material or (b) file an objection to the production of the Confidential Material in a court of competent jurisdiction. If the producing party chooses to file an objection, it shall bear the burden of opposing the enforcement of the third party demand with respect to its Confidential Material. Until the producing party's objection is resolved, the responding party shall not produce any Confidential Material that is subject to the producing party's objection. On the other hand, if the producing party fails to inform the responding party of its decision to file an objection prior to the time for compliance with the third party demand, nothing in this Protective Order shall require the responding party to subject itself to any penalties for non-compliance with legal process, or to seek any relief from this Court.

**11.     Final Disposition.**

Upon the final disposition of this action, (which shall mean the entry of a final, non-appealable judgment or dismissal), the attorneys for the parties and non-parties shall within sixty (60) days of the final disposition return all Confidential Material to the party or witness from whom it was obtained or certify in writing that such Confidential Material has been destroyed. In addition, upon final disposition of this action, counsel of record shall furnish

-7-

copies of all signed acknowledgments obtained in accordance with the provisions of paragraph 4 above to all other counsel of record.  Notwithstanding the foregoing, nothing in this paragraph shall prohibit outside counsel from maintaining copies of court papers, deposition and trial transcripts and attorney work product (including work product that contains Confidential Material), provided that outside counsel shall maintain the confidentiality of any and all Confidential Material.

**12.   Termination.**

    The termination of this action shall not terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the designating party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.  All parties agree to fully cooperate in good faith in order to resolve any dispute regarding their continuing obligations under this Section 12.

**13.   Modification**

    This Protective Order may be modified or amended by further order of the Court for good cause shown.

[Remainder of Page Intentionally Left Blank]

-8-

Dated: __JAN 1 9 2021'

IT IS SO ORDERED

_Geerge B. Dorot_

DANIELS, J.

STIPULATED AND AGREED TO:

/s Angelo A. Stio, III                            Dated:  January 15, 2021
For Plaintiff

/s Jonathan Smies                                 Dated:  January 15, 2021
For Defendant