# EXHIBIT D

THIS NOTE HAS NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "ACT"), OR UNDER THE SECURITIES LAWS OF ANY STATE. THIS NOTE MAY NOT BE TRANSFERRED OR RESOLD EXCEPT AS PERMITTED UNDER THE ACT AND THE APPLICABLE STATE SECURITIES LAWS, PURSUANT TO REGISTRATION OR EXEMPTION THEREFROM.

THIS NOTE AND THE INDEBTEDNESS EVIDENCED HEREBY IS SUBORDINATE IN THE MANNER AND TO THE EXTENT SET FORTH HEREIN AND IN THE SUBORDINATION AGREEMENT, DATED AS OF APRIL 16, 2007 (THE "SUBORDINATION AGREEMENT"), BY AND AMONG ST PAPER, LLC, OCONTO FALLS TISSUE, INC. AND GOLDMAN SACHS CREDIT PARTNERS L.P., AS ADMINISTRATIVE AGENT AND COLLATERAL AGENT, TO THE SENIOR INDEBTEDNESS (AS DEFINED IN THE SUBORDINATION AGREEMENT). THE HOLDER OF THIS NOTE, BY ITS ACCEPTANCE HEREOF, SHALL BE BOUND BY THE PROVISIONS OF THE SUBORDINATION AGREEMENT.

## SUBORDINATED PROMISSORY NOTE

$8,000,000.00                                                          April 16, 2007
Note No. 1

FOR VALUE RECEIVED, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("Maker"), hereby promises to pay to the order of **OCONTO FALLS TISSUE, INC.**, a Wisconsin corporation ("Payee"), c/o Tissue Products Technology Corp., 1555 Glory Road, Green Bay, Wisconsin 54304, or such other place as the Payee shall from time to time direct in writing to the Maker, subject to the contingency described herein, the principal sum of Eight Million and 00/100 Dollars ($8,000,000.00). The unpaid principal balance of this Note shall bear interest at a rate per annum equal to seven and one-half percent (7.5%). Interest accrued from and after the date hereof shall be added to the unpaid principal balance of this Note on an annual basis commencing April 16, 2008 and continuing on the subsequent anniversaries of such date until the unpaid principal balance of this Note is paid in full. The unpaid principal balance of this Note, together with accrued and capitalized interest, shall be due and payable on April 16, 2015.

This Note is the Note referred to in Paragraph 2.3 of the Second Amended and Restated Asset Purchase Agreement, dated as of April 16, 2007 (the "Purchase Agreement"), by and between Maker, Payee and others. Reference is made to the Purchase Agreement for relevant terms and provisions that bear upon this Note, including without limitation, Paragraph 9.4 of the Purchase Agreement.

Maker may prepay all or any part of the unpaid balance of this Note at any time, and from time to time, without premium or penalty.

The Purchase Agreement contains provisions for offset against amounts due under this Note. Notwithstanding anything contained herein to the contrary, any offset against amounts due

ST PAPER 0704

under this Note in accordance with the Purchase Agreement shall not be considered an Event of Default hereunder.

Payee, by its acceptance hereof, acknowledges that this Note is subordinated and junior in right of payment to all amounts owed to current or future holder of Senior Indebtedness, including, without limitation, interest thereon, whether or not an allowed claim. Payee, by accepting this Note, agrees to execute the Subordination Agreement in the form attached hereto as Exhibit A upon such acceptance and any other documents the Senior Lenders may reasonably request to effect the subordination intended hereunder. For purposes hereof, the term "Senior Indebtedness" has the meaning given in the Subordination Agreement. A "Senior Lender" is any holder of Senior Indebtedness.

The unpaid principal balance of this Note, together with accrued and unpaid interest, shall, at the option of Payee or any subsequent holder hereof, become immediately due and payable upon the occurrence of any of the following events (hereinafter, an "Event of Default"): Maker shall: (i) become insolvent or take or fail to take any action which constitutes an admission of inability to pay its debts as they become due, (ii) make a general assignment for the benefit of creditors or to an agent authorized to liquidate any substantial amount of its assets, (iii) become the subject of an "order for relief" within the meaning of the United States Bankruptcy Code, (iv) file a petition in bankruptcy, or for reorganization, or to effect a plan or other arrangement with creditors, (v) file an answer to a creditor's petition, admitting the material allegations thereof, for an adjudication of bankruptcy or for reorganization or to effect a plan or other arrangement with creditors, (vi) apply to a court for the appointment of a receiver or custodian for any of its assets or properties, (vii) have a receiver or custodian appointed for any of its assets or properties, with or without consent, and such receiver shall not be discharged within sixty (60) days after his appointment, or (viii) take any action for the purpose of effecting any of the foregoing.

No delay or omission on the part of Payee or any holder of this Note in exercising any right or option given to Payee or such holder shall impair such right or option or be considered as a waiver thereof or acquiescence in any default hereunder.

Maker hereby waives presentment, demand, notice of dishonor and protest and consents to any and all extensions and renewals hereof without notice.

Upon payment in full of this Note or upon the adjustment described above, Payee agrees to surrender this Note to Maker for cancellation thereof.

This Note shall be construed in accordance with the internal laws of the State of Wisconsin.

2

ST PAPER 0705

**MAKER:**

ST PAPER, LLC

By: _____

Name: Sharad Tak

Title:  President

ST PAPER 0706

**EXHIBIT A**

<u>Subordination Agreement</u>

(*Copy Attached*)

4

ST PAPER 0707