# EXHIBIT E

**PROMISSORY NOTE**
(A Note)

$3,202,473.00

April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **CAPFUND CDE ONE LLC**, a California limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Three Million Two Hundred and Two Thousand Four Hundred and Seventy Three and No/100 Dollars ($3,202,473.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 3.07799%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6844

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1000 S. Washington, Lansing, Michigan 48910; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6845

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6846

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
       limited liability company, its manager

By: _Sharad K. Tak_
Name: Sharad K. Tak
Title: Manager

ST Paper – CapFund A Note
#6033508

Signature Page

ST PAPER 6847

# PROMISSORY NOTE
## (B Note)

$871,527.00                                                        April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **CAPFUND CDE ONE LLC**, a Delaware limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Eight Hundred and Seventy One Thousand Five Hundred and Twenty Seven and No/100 Dollars ($871,527.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 3.07799%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6848

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1000 S. Washington, Lansing, Michigan, 48910; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6849

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC,** a Delaware limited liability company

By:     ST Paper Holdings, LLC, a Delaware
         limited liability company, its manager

         By:  _Sc—— Ru Tu_
         Name: Sharad K. Tak
         Title: Manager

ST Paper – CapFund B Note                                    Signature Page
#6033562

ST PAPER 6851

<div align="center">

**PROMISSORY NOTE**
**(A Note)**

</div>

$21,970,150.00                                                    April 30, 2010

 **FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **CAPMARK CDF SUBFUND III LLC**, a Delaware limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of TWENTY-ONE MILLION NINE HUNDRED SEVENTY THOUSAND ONE HUNDRED FIFTY and No/100 Dollars ($21,970,150.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

 For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

 "*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

 "*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

 "*Default Rate*" shall mean a rate of interest per annum equal to five percent (5%) in excess of the Interest Rate.

 "*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

 "*Interest Rate*" shall mean 4.33043%.

 "*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between Lender, as lender, and Borrower, as borrower.

 "*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Capmark Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

 "*Maturity Date*" shall mean April 30, 2017.

 "*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender.

 Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof any governmental authority subjects Lender to any new or additional charge, fee, withholding or

<div align="center">1</div>

ST PAPER 7214

tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of the actual number of days elapsed over a year consisting of three hundred sixty (360) calendar days; provided that the first monthly payment of interest shall be calculated based on the period through the end of May, 2010, and thereafter through the end of the succeeding month.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1801 California Street, Suite 3700, Denver, Colorado 80202; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

2

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 7216

**IN WITNESS WHEREOF**, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
         limited liability company, its manager

         By: _____
         Name: Sharad K. Tak
         Title: Manager

ST PAPER 7217

**PROMISSORY NOTE**
**(B Note)**

$5,000,000.00                                                                  April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **CAPMARK CDF SUBFUND III LLC**, a Delaware limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of FIVE MILLION and No/100 Dollars ($5,000,000.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to five percent (5%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 2.36053%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between Lender, as lender, and Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Capmark Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2017.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof any governmental authority subjects Lender to any new or additional charge, fee, withholding or

1

ST PAPER 7218

tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of the actual number of days elapsed over a year consisting of three hundred sixty (360) calendar days; provided that the first monthly payment of interest shall be calculated based on the period through the end of May, 2010, and thereafter through the end of the succeeding month.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1801 California Street, Suite 3700, Denver, Colorado 80202; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 7219

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

3

ST PAPER 7220

**IN WITNESS WHEREOF**, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager

## PROMISSORY NOTE
### (A Note)

$11,437,402.00                                                            April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **NNMF SUB-CDE X, LLC**, a California limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Eleven Million Four Hundred and Thirty Seven Thousand Four Hundred and Two and No/100 Dollars ($11,437,402.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 3.07799%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6836

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 30851 Agoura Road, Suite 110C, Agoura Hills, California 91301; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.   No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.   Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.   Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6838

**IN WITNESS WHEREOF,** Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC,** a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware
      limited liability company, its manager

      By: _Sharad K. Tak_
      Name: Sharad K. Tak
      Title: Manager

ST PAPER 6839

## PROMISSORY NOTE
### (B Note)

$3,112,598.00                                                                    April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **NNMF SUB-CDE X, LLC**, a California limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Three Million One Hundred and Twelve Thousand Five Hundred and Ninety Eight and No/100 Dollars ($3,112,598.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 6840

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 30851 Agoura Road, Suite 110C, Agoura Hills, California 91301; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

ST PAPER, LLC, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager

ST PAPER 6843

<div align="center">

**PROMISSORY NOTE**
**(A Note)**

</div>

$3,090,174.00                                                                                    April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **STP/NCF SUB-CDE, LLC**, a Delaware limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Three Million Ninety Thousand One Hundred and Seventy Four and No/100 Dollars ($3,090,174.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST Paper – STP/NCF A Note                                1
#6033485

ST PAPER 6820

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon 97209; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6821

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6822

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
       limited liability company, its manager

       By: _____
       Name: Sharad K. Tak
       Title: Manager

ST PAPER 6823

<div align="center">

**PROMISSORY NOTE**
**(B Note)**

</div>

$829,826.00                                                              April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **STP/NCF SUB-CDE, LLC**, a Delaware limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Eight Hundred and Twenty Nine Thousand Eight Hundred and Twenty Six and No/100 Dollars ($829,826.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6824

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon, 97209; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6825

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6826

**IN WITNESS WHEREOF**, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<div align="center">

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware limited liabiiity company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager

</div>

Signature Page

ST PAPER 6827

**PROMISSORY NOTE**
**(A Note)**

$4,635,261.00

April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **STP2 SUB-CE, LLC**, a Delaware limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Four Million Six Hundred and Thirty Five Thousand Two Hundred and Sixty One and No/100 Dollars ($4,635,261.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6828

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon 97209; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6829

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6830

**IN WITNESS WHEREOF,** Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC,** a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
       limited liability company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager

Signature Page

ST PAPER 6831

<div align="center">

**PROMISSORY NOTE**
**(B Note)**

</div>

$1,244,739.00                                                              April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **STP2 SUB-CDE, LLC**, a Delaware limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of One Million Two Hundred and Forty Four Thousand Seven Hundred and Thirty Nine and No/100 Dollars ($1,244,739.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6832

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon, 97209; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6833

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

<div align="center">

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

</div>

ST Paper – STP2 B Note
#6033538

3

**IN WITNESS WHEREOF,** Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<div style="margin-left: 2em;">

**<u>BORROWER:</u>**

**ST PAPER, LLC,** a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager

</div>

<div align="center">

**PROMISSORY NOTE**
**(A Note)**

</div>

$4,602,840.00                                                       April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("**Borrower**"), promises to pay to the order of **USBCDE SUB-CDE LX, LLC**, a Delaware limited liability company ("**Lender**"), in lawful money of the United States of America, the principal sum of Four Million Six Hundred and Two Thousand Eight Hundred and Forty and No/100 Dollars ($4,602,840.00) (the "**Loan**") or such lesser amount as may be advanced herein (this "**Promissory Note**").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"**Business Day**" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"**Closing Date**" shall mean the date the funds are initially advanced under this Promissory Note.

"**Default Rate**" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"**Event of Default**" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"**Interest Rate**" shall mean 3.07799%.

"**Loan Agreement**" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"**Loan Documents**" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"**Maturity Date**" shall mean April 30, 2040.

"**Mortgage**" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 6812

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1307 Washington Avenue, Suite 300, St. Louis, Missouri 63103; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6813

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

### [SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

ST PAPER, LLC, a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _Su____eu T_k_____

Name: Sharad K. Tak
Title: Manager

ST PAPER 6815

# PROMISSORY NOTE
## (B Note)

$1,535,160.00                                                        April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("**Borrower**"), promises to pay to the order of **USBCDE SUB-CDE LX, LLC**, a Delaware limited liability company ("**Lender**"), in lawful money of the United States of America, the principal sum of One Million Five Hundred and Thirty Five Thousand One Hundred and Sixty and No/100 Dollars ($1,535,160.00) (the "**Loan**") or such lesser amount as may be advanced herein (this "**Promissory Note**").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"**Business Day**" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"**Closing Date**" shall mean the date the funds are initially advanced under this Promissory Note.

"**Default Rate**" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"**Event of Default**" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"**Interest Rate**" shall mean 3.07799%.

"**Loan Agreement**" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"**Loan Documents**" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"**Maturity Date**" shall mean April 30, 2040.

"**Mortgage**" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6816

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1307 Washington Avenue, Suite 300, St. Louis, Missouri 63103; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6818

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

ST PAPER, LLC, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
       limited liability company, its manager

       By: _____
       Name: Sharad K. Tak
       Title: Manager

ST PAPER 6819

## PROMISSORY NOTE
### (A Note)

$7,427,623.00                                                         April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **WCDLF SUB CDE XXIV, LLC**, a Wisconsin limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Seven Million Four Hundred and Twenty Seven Thousand Six Hundred and Twenty Three and No/100 Dollars ($7,427,623.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

 "***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

 "***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 6796

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6797

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6798

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
       limited liability company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager

ST PAPER 6799

## PROMISSORY NOTE
### (B Note)

$2,372,377.00                                                April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **WCDLF SUB CDE XXIV, LLC**, a Wisconsin limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Two Million Three Hundred and Seventy Two Thousand Three Hundred and Seventy Seven and No/100 Dollars ($2,372,377.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6800

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6801

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 6802

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

ST PAPER, LLC, a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager

ST Paper -- WCDLF XXIV B Note
#6033515

Signature Page

ST PAPER 6803

## PROMISSORY NOTE
### (A Note)

$14,855,237.00                                                        April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **WCDLF SUB CDE XXV, LLC**, a Wisconsin limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Fourteen Million Eight Hundred and Fifty Five Thousand Two Hundred and Thirty Seven and No/100 Dollars ($14,855,237.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6804

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 6805

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF**, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:  ST Paper Holdings, LLC, a Delaware
      limited liability company, its manager

By:  _Sʟ——ᶜʰ.Tʰ_____
Name: Sharad K. Tak
Title: Manager

<div align="center">

**PROMISSORY NOTE**
**(B Note)**

</div>

$4,744,763.00                                                          April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **WCDLF SUB CDE XXV, LLC**, a Wisconsin limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Four Million Seven Hundred and Forty Four Thousand Seven Hundred and Sixty Three and No/100 Dollars ($4,744,763.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 6808

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).   All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.   Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.   Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time.   If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.   Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.   To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

**ST PAPER, LLC,** a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _____

Name: Sharad K. Tak
Title: Manager

ST Paper -- WCDLF XXV B Note
#6033522

Signature Page

ST PAPER 6811