# EXHIBIT H

# SECOND AMENDMENT
# TO
# CREDIT AGREEMENT

This SECOND AMENDMENT (this "<u>Amendment</u>"), dated as of April 30, 2010, is entered into by and between ST Paper, LLC (the "<u>Borrower</u>"), Wilmington Trust FSB, as administrative agent and collateral agent (in such capacities, the "<u>Agent</u>") and the lenders (collectively, the "<u>Lenders</u>") from time to time party to that certain Credit Agreement, dated as of April 16, 2007, among the Borrower, Goldman Sachs Credit Partners, L.P., as administrative agent, collateral agent, sole lead arranger, sole bookrunner and syndication agent, and the Lenders from time to time party thereto, as amended by that certain Forbearance Agreement and Amendment to Credit Agreement and Security Agreement, entered into as of May 22, 2009 (the "<u>Credit Agreement</u>"). Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Credit Agreement.

## PRELIMINARY STATEMENTS

A.  The parties hereto have agreed to amend the Credit Agreement on the terms and conditions hereinafter set forth.

NOW, THEREFORE, in consideration of the premises set forth above, and other good and valuable consideration the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

SECTION 1.  <u>Amendments</u>.  The Credit Agreement is hereby amended effective as of the Effective Date (as defined below) as follows:

1.1  The definition of the term "**Eligible Assignee**" is deleted and replaced in its entirety as follows:

"**"Eligible Assignee"** means (i) any Lender, any Affiliate of any Lender and any Related Fund (any two or more Related Funds being treated as a single Eligible Assignee for all purposes hereof), or (ii) any commercial bank, insurance company, investment or mutual fund or other entity that is an "accredited investor" (as defined in Regulation D under the Securities Act) and which extends credit or buys loans as part of its businesses, or (iii) the Borrower, the Guarantor or any Affiliate of the Borrower or the Guarantor."

1.2  Section 9.6(c) is deleted and replaced in its entirety as follows:

"(c)  <u>Right to Assign</u>.  Each Lender shall have the right at any time to sell, assign or transfer all or a portion of its rights and obligations under this Agreement, including all or a portion of its Commitment or Loans owing to it or other Obligations (<u>provided</u>, <u>however</u>, that *pro rata* assignments shall not be required and each assignment shall be of a uniform, and not varying, percentage of all rights and obligations under and in respect of any applicable Loan and any related Commitments):

ST PAPER9542

        (i)    to any Person meeting the criteria of either clause (i) or clause (iii) of the definition of the term of "Eligible Assignee", upon the giving of notice to Borrower and Administrative Agent; and

        (ii)    to any Person meeting the criteria of clause (ii) of the definition of the term of "Eligible Assignee" upon giving notice to Borrower and Administrative Agent and in the case of assignments of Revolving Loans or Revolving Commitments to any such Person (except in the case of assignments made by or to GSCP), consented to (such consent not to be unreasonably withheld or delayed) by Administrative Agent; provided that each such assignment pursuant to this Section 9.6(c)(ii) shall be in an aggregate amount of not less than $1,000,000 (or such lesser amount as may be agreed to by Administrative Agent or as shall constitute the aggregate amount of the applicable Commitments and Loans of the assigning Lender."

1.3    Section 9.6(e) is deleted and replaced in its entirety as follows:

"(e)    <u>Representations and Warranties of Assignee</u>.  Each Lender (other than any Person meeting the criteria of clause (iii) of the definition of the term "Eligible Assignee), upon execution and delivery hereof or upon succeeding to an interest in the applicable Commitments and Loans, as the case may be, represents and warrants as of the Closing Date or as of the Assignment Effective Date that (i) it is an Eligible Assignee; (ii) it has experience and expertise in the making of or investing in commitments or loans such as the applicable Commitments or Loans, as the case may be; and (iii) it will make or invest in, as the case may be, its Commitments and Loans for its own account in the ordinary course of its business and without a view to distribution of such Commitments and Loans within the meaning of the Securities Act or the Exchange Act or other federal securities laws (it being understood that, subject to the provisions of this Section 9.6, the disposition of such Commitments and Loans or any interests therein shall at all times remain within its exclusive control). Each Lender that is a Person meeting the criteria of clause (iii) of the definition of the term "Eligible Assignee", upon execution and delivery hereof or upon succeeding to an interest in the applicable Commitments and Loans, as the case may be, represents and warrants as of the Closing Date or as of the Assignment Effective Date that (i) it is an Eligible Assignee; and (ii) it will make or invest in, as the case may be, its Commitments and Loans for its own account in the ordinary course of its business and without a view to distribution of such Commitments and Loans within the meaning of the Securities Act or the Exchange Act or other federal securities laws (it being understood that, subject to the provisions of this Section 9.6, the disposition of such Commitments and Loans or any interests therein shall at all times remain within its exclusive control)."

SECTION 2.    <u>Conditions Precedent to Effectiveness of Amendment</u>.  The agreement of the Agent and the Lenders hereunder shall become effective as of the date hereof (the "<u>Effective Date</u>") when, and only when, each of the following conditions shall have been satisfied (it being understood that the satisfaction of one or more of the following conditions may occur concurrently with the effectiveness of this Agreement) or waived, as determined by the Agent and the Requisite Lenders in their discretion:

ST PAPER9543

2.1 <u>Executed Agreement</u>. The Agent and the Credit Parties shall have received counterparts of this Agreement duly executed by each of the Credit Parties, the Agent and the Requisite Lenders.

2.2 <u>Representations and Warranties</u>. The representations and warranties set forth in Section 3 shall be true and correct.

SECTION 3. <u>Representations and Warranties</u>. Each Credit Party hereby represents and warrants to the Agent and the Lenders that:

3.1 (a) No Default or Event of Default exists, to the knowledge of the Credit Parties, as of the Effective Date, other than the Defaults or Events of Default as described on **Exhibit A** hereto, and (b) subject to clause (a), all of the representations and warranties set forth in the Credit Documents are true and correct in all material respects as of the date hereof (except for those that expressly state that they are made as of an earlier date, in which case they are true and correct as of such earlier date); and

3.2 The execution, delivery and performance by such Credit Party of this Agreement has been duly authorized by all necessary corporate or other organizational action, and do not and will not: (a) contravene the terms of any of such person's organizational documents; (b) conflict with or result in any breach or contravention of, or result in or require the creation of any Lien under, or require any payment to be made under (x) any contractual obligation to which such person is a party or affecting such person or the properties of such person or any of its subsidiaries or (y) any order, injunction, writ or decree of any Governmental Authority or any arbitral award to which such person or its property is subject; or (c) violate any applicable law. Each Credit Party and each subsidiary thereof is in compliance in all material respects with all contractual obligations referred to in clause (b)(x). No approval, consent, exemption, authorization, or other action by, or notice to, or filing with, any Governmental Authority or any other person is necessary or required in connection with the execution, delivery or performance by, or enforcement against any of the Credit Parties of this Agreement.

SECTION 4. <u>Release</u>. In partial consideration of the Agent and the Lenders' willingness to enter into this Agreement, each of the Credit Parties hereby releases the Lenders, the Agent and the Lenders' and Agent's officers, affiliates, employees, representatives, agents, financial advisors, counsel and directors from any and all actions, causes of action, claims, demands, damages and liabilities of whatever kind or nature, in law or in equity, now known or unknown, suspected or unsuspected to the extent that any of the foregoing arises from any action or failure to act in connection with (i) the Credit Documents on or prior to the date hereof, (ii) the Purchase Agreement, dated as of March 8, 2010, by and between Macquarie Capital (USA) Inc. and Tak Investments, Inc., as amended by that certain Amendment No. 1, dated as of March 18, 2010 or (iii) the Escrow Agreement dated as of March 8, 2010, by and among Macquarie Capital (USA) Inc., Tak Investments, Inc. and Zukerman Gore Brandeis & Crossman LLP, as amended by that certain Amendment No. 1, dated as of March 18, 2010.

ST PAPER9544

SECTION 5.  <u>Reference to and Effect on the Credit Documents</u>.

5.1     Except as specifically provided herein, the Credit Agreement shall remain in full force and effect and is hereby ratified and confirmed.

5.2     Except as specifically provided herein, the execution, delivery and effectiveness of this Amendment shall not operate as a waiver of any right, power or remedy of the Borrower, the Agent or Lenders under the Credit Agreement or any other Credit Document, nor constitute a waiver of any provision contained herein or therein.

SECTION 6.  <u>Severability</u>.  In case any provision in or obligation hereunder shall be invalid, illegal or unenforceable in any jurisdiction, the validity, legality and enforceability of the remaining provisions or obligations, or of such provision or obligation in any other jurisdiction, shall not in any way be affected or impaired thereby.

SECTION 7.  <u>Acknowledgement of Guarantor</u>.  The Guarantor acknowledges and consents to all of the terms and conditions of this Agreement and agrees that this Agreement and any documents executed in connection herewith do not operate to reduce or discharge the Guarantor's obligations under the Credit Agreement o the other Credit Documents.  Except as otherwise expressly provided in this Agreement, the Credit Agreement, the other Loan Documents and the Borrower's Obligations thereunder shall remain in full force and effect, and shall not be waived, modified, superseded or otherwise affected by this Agreement.  This Agreement is not a novation nor is it to be construed as a release, waiver or modification of any of the terms, conditions, representations, warranties, covenants, rights or remedies set forth in the Credit Agreement, or any of the other Loan Documents, except as specifically set forth herein.  Except as expressly provided herein, the Lender reserves all rights, claims and remedies that it has or may have against the Borrowers.

SECTION 8.  <u>Successors and Assigns</u>.  This Agreement shall be binding upon and inure to the benefit of each of the parties and their respective successors and assigns.

SECTION 9.  <u>Credit Document</u>.  This Agreement is a Credit Document for all purposes.

SECTION 10. <u>Governing Law</u>.  THIS AMENDMENT SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK (INCLUDING SECTION 5-1401 OF THE GENERAL OBLIGATIONS LAW OF THE STATE OF NEW YORK BUT OTHERWISE WITHOUT REGARD TO CONFLICTS OF LAW PRINCIPLES).

SECTION 11. <u>Execution in Counterparts</u>.  This Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.  Delivery of an executed counterpart of this Amendment by facsimile or portable document format (PDF) shall be effective as delivery of a manually executed counterpart of this Amendment.

ST PAPER9545

SECTION 12. <u>Headings</u>.  Section headings in this Amendment are included herein for convenience of reference only and shall not constitute a part of this Amendment for any other purpose.

*[Remainder of page intentionally left blank]*

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed by their respective officers thereunto duly authorized as of the date first written above.

ST PAPER, LLC

By: _____
Name: SHARAD TAK
Title: MANAGER

AMINISTRATIVE AGENT AND COLLATERAL AGENT

WILMINGTON TRUST FSB

By: _____
Name:
Title:

REQUISITE LENDERS:

MACQUARIE BANK LIMITED

By: _____
Name:
Title:

By: _____
Name:
Title:

ST PAPER9547

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed by their respective officers thereunto duly authorized as of the date first written above.

**ST PAPER, LLC**

By: _____
    Name:
    Title:


**AMINISTRATIVE AGENT AND COLLATERAL AGENT**

**WILMINGTON TRUST FSB**

By: _____
    Name: James A. Hanley
    Title: Vice President


**REQUISITE LENDERS:**

**MACQUARIE BANK LIMITED**

By: _____
    Name:
    Title:

By: _____
    Name:
    Title:

IN WITNESS WHEREOF, the parties hereto have caused this Amendment to be executed by their respective officers thereunto duly authorized as of the date first written above.

**ST PAPER, LLC**

By: _____
    Name:
    Title:

**AMINISTRATIVE AGENT AND COLLATERAL AGENT**

**WILMINGTON TRUST FSB**

By: _____
    Name:
    Title:

**REQUISITE LENDERS:**

**MACQUARIE BANK LIMITED**

By: _____
    Name: Robert Gallivan
    Title: Division Director

By: _____
    Name:
    Title: Vincent Basulto
         Associate Director

ST PAPER9549

ACKNOWLEDGEMENT:

GUARANTOR:

ST PAPER HOLDINGS, LLC

By: _____
Name: SHARAD TAK
Title: MANAGER

ST PAPER9550