# EXHIBIT J

## ASSIGNMENT AND ASSUMPTION AGREEMENT

THIS ASSIGNMENT AND ASSUMPTION AGREEMENT (this "*Assignment*") is made and entered into effective as of May 2, 2017, by and between WCDLF SUB CDE XXIV, LLC, a Wisconsin limited liability company ("*WCDLF XXIV*"), WCDLF SUB CDE XXV, LLC, a Wisconsin limited liability company ("*WCDLF XXV*"), USBCDE SUB-CDE LX, LLC, a Delaware limited liability company ("*USBCDE LX*"), STP/NCF SUB-CDE, LLC, a Delaware limited liability company ("*STP/NCF*"), STP2 SUB-CDE, LLC, a Delaware limited liability company ("*STP2*"), NNMF SUB-CDE X, LLC, a California limited liability company ("*NNMF X*"), CAPFUND CDE ONE LLC, a Delaware limited liability company ("*CapFund One*"; WCDLF XXIV, WCDLF XXV, USBCDE LX, STP/NCF, STP2, NNMF X and CapFund One, each an "*Assignor*" and, collectively, the "*Assignors*") and WCDLF INVESTMENT FUND XXIV, LLC, a Missouri limited liability company ("*Assignee*" and together with Assignors, collectively, the "*Parties*" and each a "*Party*").

### RECITALS

WHEREAS, pursuant to that certain Loan Agreement, dated as of April 30, 2010 (as amended through the date hereof, the "*Loan Agreement*"), by and between Assignors and ST Paper, LLC, a Delaware limited liability company (the "*Borrower*"), Assignor collectively loaned the Borrower the aggregate principal sum of Sixty-Three Million Nine Hundred Sixty-Two Thousand and 00/100 dollars ($63,962,000.00) (the "*Indebtedness*"), as evidenced by those certain promissory notes more specifically set forth on Exhibit A hereto (the "*Promissory Notes*");

WHEREAS, the Indebtedness is secured by certain collateral of the Borrower (the "*Collateral*") pursuant to and as more fully set forth in those certain agreements, instruments and related documents set forth on Exhibit B to this Agreement (together with the Loan Agreement and Promissory Notes, the "*Loan Documents*");

WHEREAS, Assignee owns a 99.99% membership interest in each of the Assignors.

WHEREAS, pursuant to the agreements set forth on Exhibit C (the "*Redemption Agreements*"), each Assignor is redeeming the membership interest of Assignee in each Assignor and Assignors' interest in the Indebtedness and the Loan Documents are to be distributed to the Assignee; and

WHEREAS, in accordance with the Redemption Agreements, Assignors desire to assign, and Assignee desires to accept and to assume, all of Assignors' right, title and interest in and to and all of Assignors' obligations under the Indebtedness, the Loan Documents, the Collateral and all other documents evidencing or securing any or all of the Indebtedness except those specifically excluded on Exhibit B to this Assignment (collectively, the "*Assigned Interests*") and all modifications, amendments, renewals or extensions of the Assigned Interests.

NOW, THEREFORE, in consideration of the foregoing recitals, the mutual covenants of the Parties set forth herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Parties hereby agree as follows:

Assignment and Assumption Agreement
ST Paper
SPH-2162200

1

1. <u>Assignment and Assumption</u>. Assignors hereby assign, transfer and set over to Assignee, without recourse or warranty of any kind, express or implied, except as set forth herein, all of Assignors' right, title and interest in, to and under the Assigned Interests including, without limitation, (i) all amounts now due (other than those being paid pursuant to that certain ST Paper Exit Flow of Funds Memorandum dated as of the date hereof (the "***FOF***")) or hereafter to become due to Assignors under the Promissory Notes pursuant to the terms and conditions of the Loan Documents, and (ii) all rights of the Assignors in and to any and all amounts held in any reserves currently being held by Assignors in connection with the Indebtedness and pursuant to the Loan Agreement.. Assignee hereby accepts and assumes all of Assignors' right, title, interest, liabilities and obligations in, to and under the Assigned Interests.

2. <u>Representations and Warranties of Assignor</u>. The Parties hereby acknowledge and agree that this Assignment is made without recourse or warranty of any kind, express or implied, and the Assignors makes no representations or warranties of any kind, except as follows:

    (a) <u>Authority</u>. Each Assignor has the full power and authority to enter into and consummate all transactions contemplated by this Assignment, has duly authorized the execution, delivery and performance of this Assignment and has duly executed and delivered this Assignment.

    (b) <u>Title</u>. Each Assignor is the sole owner and holder of such Assignor's interest in the Assigned Interests, free and clear of all security interests, liens or other encumbrances of any kind.

    (c) <u>Delivery of Documents</u>. Simultaneously with the execution of this Assignment, Assignors have delivered to the Assignee:

        (i)    Assignment of Mortgage, in a form reasonably satisfactory to Assignee; and

        (iii)    allonges (in a form reasonably satisfactory to Assignee) to the Promissory Notes.

3. <u>Further Assurances and Deliveries</u>. Each of the Parties shall execute and deliver, at the reasonable request of the other Party hereto and at the expense of the requesting party (except as otherwise set forth in the FOF), such additional documents, instruments, conveyances and assurances and take such further actions as such other party may reasonably request to carry out the provisions hereof and give effect to the transactions contemplated by this Assignment. In accordance with the foregoing, promptly following the date hereof, (i) Assignors shall deliver to Assignee the original of the Promissory Notes; or (ii) in the event that an original Promissory Note cannot be produced, the applicable Assignor shall execute and deliver to Assignee, with respect to such missing Promissory Note, an affidavit of lost note in form and substance reasonably satisfactory to the Assignee.

4. <u>Governing Law</u>. This Assignment and all matters arising out of or relating to this Assignment shall be governed by and construed in accordance with the internal laws of the State Wisconsin without giving effect to any choice or conflict of law provision or rule (whether of the

ST PAPER 1703

State of Wisconsin or any other jurisdiction) that would cause the application of laws of any jurisdiction other than those of the State of Wisconsin.

5.  **Successors and Assigns.** This Assignment shall be binding upon and inure to the benefit of the Parties hereto and their respective successors and assigns.

6.  **Severability.** Each provision of this Assignment shall be valid and enforceable to the fullest extent permitted by law. If any provision of this Assignment or the application of such provision to any person or circumstances shall, to any extent, be invalid or unenforceable, then the remainder of this Assignment, or the application of such provision to persons or circumstances other than those as to which it is held invalid or unenforceable, shall not be affected by such invalidity or unenforceability.

7.  **Counterparts.** This Assignment may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Assignment delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Assignment.

*   *   *   *

IN WITNESS WHEREOF, the Parties have executed and delivered this Assignment as of the date first above written.

**WCDLF XXIV:**

**WCDLF SUB CDE XXIV, LLC**, a Wisconsin limited liability company

By:     Wisconsin Community Development Legacy Fund, a Wisconsin corporation, its managing member

       By: _*Stacey Wagner* (signature)_
       Name: Stacey Wagner
       Title: Secretary/Treasurer

**WCDLF XXV:**

**WCDLF SUB CDE XXV, LLC**, a Wisconsin limited liability company

By:     Wisconsin Community Development Legacy Fund, a Wisconsin corporation, its managing member

       By: _*Stacey Wagner* (signature)_
       Name: Stacey Wagner
       Title: Secretary/Treasurer

IN WITNESS WHEREOF, the Parties have executed and delivered this Assignment as of the date first above written.

        STP/NCF:

        **STP/NCF SUB-CDE, LLC**, a Delaware limited liability company

        By:  National Community Fund I, LLC, a Delaware limited liability company, its managing member

              By: _____
              Name: Chris Hasle
              Title:  Manager

        STP2:

        **STP2 SUB-CDE, LLC**, a Delaware limited liability company

        By:  National Community Fund I, LLC, a Delaware limited liability company, its managing member

              By: _____
              Name: Chris Hasle
              Title:  Manager

IN WITNESS WHEREOF, the Parties have executed and delivered this Assignment as of the date first above written.

        **NNMF X:**

        **NNMF SUB-CDE X, LLC**, a California limited liability company

        By:    National New Markets Fund, LLC, a Delaware limited liability company, its managing member

               By: _____
               Name: Deborah J. LaFranchi
               Title: President and Authorized Representative

IN WITNESS WHEREOF, the Parties have executed and delivered this Assignment as of the date first above written.

                        **CAPFUND ONE:**

                        **CAPFUND CDE ONE LLC**, a Delaware limited liability company

                        By:    Cinnaire New Markets, LLC, a Delaware limited liability company, its managing member

                                   By:    Cinnaire Corporation, its managing member

                                   By:   */s/ Mark S. McDaniel*
                                 Name:  Mark S. McDaniel
                                 Title:   President and CEO

IN WITNESS WHEREOF, the Parties have executed and delivered this Assignment as of the date first above written.

**USBCDE LX:**

**USBCDE SUB-CDE LX, LLC**, a Delaware limited liability company

By: USBCDE LLC, a Delaware limited liability company, its managing member

By: U.S. Bancorp Community Development Corporation, a Minnesota corporation, its managing member

By: *Vedad Alagic* (signature)
Name: Vedad Alagic
Title: Assistant Vice President

**ASSIGNEE:**

**WCDLF INVESTMENT FUND XXIV, LLC**, a Missouri limited liability company

By: U. S. Bancorp Community Development Corporation, a Minnesota corporation, its manager

By: *Vedad Alagic* (signature)
Name: Vedad Alagic
Title: Assistant Vice President

Assignment and Assumption Agreement
ST Paper
SPH-2162200

Signature Page

# EXHIBIT A

## PROMISSORY NOTES*

1. Promissory Note (A Note) issued by Borrower for the benefit of WCDLF XXIV dated April 30, 2010 in the original principal amount of $7,427,623

2. Promissory Note (B Note) issued by Borrower for the benefit of WCDLF XXIV dated April 30, 2010 in the original principal amount of $2,372,377

3. Promissory Note (A Note) issued by Borrower for the benefit of WCDLF XXV dated April 30, 2010 in the original principal amount of $14,855,237

4. Promissory Note (B Note) issued by Borrower for the benefit of WCDLF XXV dated April 30, 2010 in the original principal amount of $4,744,763

5. Promissory Note (A Note) issued by Borrower for the benefit of USBCDE LX dated April 30, 2010 in the original principal amount of $4,602,840

6. Promissory Note (B Note) issued by Borrower for the benefit of USBCDE LX dated April 30, 2010 in the original principal amount of $1,535,160

7. Promissory Note (A Note) issued by Borrower for the benefit of STP/NCF dated April 30, 2010 in the original principal amount of $3,090,174

8. Promissory Note (B Note) issued by Borrower for the benefit of STP/NCF dated April 30, 2010 in the original principal amount of $829,826

9. Promissory Note (A Note) issued by Borrower for the benefit of STP2 dated April 30, 2010 in the original principal amount of $4,635,261

10. Promissory Note (B Note) issued by Borrower for the benefit of STP2 dated April 30, 2010 in the original principal amount of $1,244,739

11. Promissory Note (A Note) issued by Borrower for the benefit of NNMF X dated April 30, 2010 in the original principal amount of $11,437,402

12. Promissory Note (B Note) issued by Borrower for the benefit of NNMF X dated April 30, 2010 in the original principal amount of $3,112,598

13. Promissory Note (A Note) issued by Borrower for the benefit of CapFund One dated April 30, 2010 in the original principal amount of $3,202,473

14. Promissory Note (B Note) issued by Borrower for the benefit of CapFund One dated April 30, 2010 in the original principal amount of $871,527

*Each of the above includes any and all amendments made through the date hereof.

Assignment and Assumption Agreement
ST Paper
SPH-2162200

Exhibit A

## EXHIBIT B

### COLLATERAL DOCUMENTS*

1. Mortgage by Borrower to and in favor of USBCDE LX, as collateral agent for Assignors, dated as of April 30, 2010.

2. Security Agreement by and between Borrow and USBCDE LX, as collateral agent for Assignors, dated April 30, 2010.

3. The other Loan Documents, as defined in the Loan Agreement, excluding (i) the Environmental Indemnity Agreement, as defined in the Loan Agreement, and (ii) that certain Guaranty dated as of April 30, 2010, executed by ST Paper Holdings and Tak Investments, Inc., a Delaware corporation, in favor of the Lenders; provided, however, notwithstanding the forgoing, Assignors hereby assign all of their respective rights and interest in and to the repayment of principal and interest under the Promissory Notes, but no other rights or interests in the Guaranty.

*Each of the above includes any and all amendments made through the date hereof.

## EXHIBIT C

## REDEMPTION AGREEMENTS

1. Redemption Agreement by and between WCDLF XXIV, Assignor, and Wisconsin Community Development Legacy Fund, dated May [2], 2017
2. Redemption Agreement by and between WCDLF XXV, Assignor, and Wisconsin Community Development Legacy Fund, dated May [2], 2017
3. Redemption and Assignment Agreement by and between USBCDE LX, Assignor, and USBCDE LLC, dated May [2], 2017
4. Redemption Agreement by and between STP/NCF, Assignor, and National Community Fund I, LLC, dated May [2], 2017
5. Redemption Agreement by and between STP2, Assignor, and National Community Fund I, LLC, dated May [2], 2017
6. Plan of Liquidation and Dissolution by and between NNMF X, Assignor, and National New Markets Fund, LLC, dated May [2], 2017
7. Redemption and Assignment Agreement by and between CapFund One, Assignor, and CapFund New Markets LLC, dated May [2], 2017