# EXHIBIT L

## AMENDED AND CONSOLIDATED PROMISSORY NOTE

$63,962,000.00                                                                 Dated as of March 19, 2019

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **WCDLF INVESTMENT FUND XXIV, LLC**, a Missouri limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of SIXTY THREE MILLION NINE HUNDRED SIXTY TWO THOUSAND and No/100 Dollars ($63,962,000.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

WHEREAS, pursuant to that certain Loan Agreement (as more particularly defined herein, the "*Loan Agreement*") among Borrower, USBCDE Sub-CDE LX, LLC, a Delaware limited liability company ("*USBCDE*"), WCDLF SUB CDE XXIV, LLC, a Wisconsin limited liability company ("*WCDLF XXIV*"), WCDLF SUB CDE XXV, LLC, a Wisconsin limited liability company ("*WCDLF XXV*"), STP/NCF Sub-CDE, LLC, a Delaware limited liability company ("*STP1*"), STP2 Sub-CDE, LLC, a Delaware limited liability company ("*STP2*"), NNMF SUB-CDE X, LLC, a California limited liability company ("*NNMF*"), and CapFund CDE One LLC, a Delaware limited liability company ("*CapFund*" and together with USBCDE, WCDLF XXIV, WWCDLF XXV, STP1, STP2 and NNMF, collectively, the "*Original Lenders*"), each of the Original Lenders made separate loans to Borrower in the original aggregate principal amount of $63,962,000, each evidenced by a separate promissory note dated April 30, 2010 from Borrower payable to the order of the applicable Original Lender (collectively, the "*Original Notes*"), which Original Notes are more particularly described in <u>Exhibit A</u> attached hereto and made a part hereof, and copies of which are attached as <u>Exhibit B</u> hereto and made a part hereof;

WHEREAS, pursuant to an Assignment and Assumption Agreement dated May 2, 2017 (the "*Assignment and Assumption Agreement*") by and between the Original Lenders and Lender, the Original Lenders assigned, transferred and set over to Lender all of the Original Lenders' right, title and interest in, to and under the Loans, the Indebtedness, the Loan Documents (as defined herein), the Collateral (as defined in the Assignment and Assumption Agreement) and all other documents evidencing or securing any or all of the Loans, except for certain excluded rights and documents to the extent excluded therefrom pursuant to Section 1 of and Exhibit B to the Assignment and Assumption Agreement, and Lender accepted and assumed such assignment;

WHEREAS, each of the Original Lenders assigned, conveyed and transferred to Lender its respective interests in the Original Notes pursuant to an Allonge & Endorsement Separate from Promissory dated as of May 2, 2017 with respect to each Original Note;

WHEREAS, various of the Original Notes have been lost and despite diligence search, cannot be located;

ST PAPER 1634

WHEREAS, Lender and Borrower now wish to amend and restate each of the Original Notes in its entirety and consolidate them into a single replacement instrument as set forth below;

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in Rockville, Maryland.

"*Default Rate*" shall mean a rate of interest per annum equal to five percent (5%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 8.0%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of April 30, 2010, by and between Original Lenders, as lender, and Borrower, as borrower, as amended and ultimately assigned to Lender, as amended, supplemented, restated or otherwise modified from time to time with the prior written consent of Lender.

"*Loan Documents*" shall mean this Promissory Note, the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, assignments, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of April 30, 2010 executed by Borrower in favor of USBCDE, as collateral agent for the Original Lenders, as ultimately assigned to Lender, as amended, supplemented, restated or otherwise modified from time to time with the prior written consent of Lender.

Subject to the terms and conditions of the Loan Agreement and the next succeeding paragraph, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of the actual number of days elapsed over a year consisting of three hundred sixty (360) calendar days.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

Notwithstanding anything to the contrary set forth in the Loan Documents, unless earlier accelerated pursuant to the terms hereof and of the Loan Agreement, Borrower shall not be required to make any payments of principal and/or accrued interest on this Promissory Note until the Maturity Date.  On the Maturity Date, all payments of principal and accrued interest on this Promissory Note shall be due and payable in full.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 9201 Corporate Blvd., Suite 420, Rockville, MD 20850; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other

property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

Except as amended under this Promissory Note, the terms of the Loan Documents are hereby ratified and confirmed and remain in full force and effect.

Borrower hereby agrees that in the event of recovery of the original version of any of the Original Notes or any subsequent iteration thereof, or any amendment thereto or other modification thereof, at any time hereafter, Borrower will cause the same to be immediately delivered to Lender.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

Borrower acknowledges, agrees and understands that this Promissory Note is given in replacement and consolidation of and in substitution for, but not in payment of, the Original Notes, as heretofore amended, and further, that: (a) the obligations of Borrower as evidenced by the Original Notes shall continue in full force and effect, as amended and restated by this Promissory Note, all of such obligations being hereby ratified and confirmed by Borrower; (b) any and all liens, pledges, assignments and security interests securing Borrower's obligations under the Original Notes shall continue in full force and effect, are hereby ratified and confirmed by Borrower, and are hereby acknowledged by Borrower to secure, among other things, all of the Borrower's obligations to Lender under this Promissory Note, with the same priority, operation and effect as that relating to the obligations under the Original Notes; (c) nothing herein contained shall be construed to extinguish, release, or discharge, or constitute, create, or effect a novation of, or an agreement to extinguish, the obligations of Borrower with respect to the indebtedness originally described in the Original Notes or any of the liens, pledges, assignments and security interests securing such obligations and (d) any agreement, document or instrument making reference to Original Notes or any of them shall mean and be a reference to this Promissory Note, as amended from time to time.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS WHEREOF**, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:  ST Paper Holdings, LLC, a Delaware limited
       liability company, its manager


By: _____
Name: Sharad K. Tak
Title: Manager

ST Paper – Amended and Consolidated Promissory Note
4819-1953-1658

## EXHIBIT A

### ORIGINAL NOTES

1.   Promissory Note (A Note) in the amount of $3,090,174.00 from Borrower to the order of STP1.

2.   Promissory Note (B Note) in the amount of $829,826.00 from Borrower to the order of STP1.

3.   Promissory Note (A Note) in the amount of $11,437,402.00 from Borrower to the order of NNMF.

4.   Promissory Note (B Note) in the amount of $3,112,598.00 from Borrower to the order of NNMF.

5.   Promissory Note (A Note) in the amount of $4,635,261.00 from Borrower to the order of STP2.

6.   Promissory Note (B Note) in the amount of $1,244,739.00 from Borrower to the order of STP2.

7.   Promissory Note (A Note) in the amount of $4,602,840.00 from Borrower to the order of USBCDE.

8.   Promissory Note (B Note) in the amount of $1,535,160.00 from Borrower to the order of USBCDE.

9.   Promissory Note (A Note) in the amount of $3,202,473.00 from Borrower to the order of CapFund.

10.   Promissory Note (B Note) in the amount of $871,527.00 from Borrower to the order of CapFund.

11.   Promissory Note (A Note) in the amount of $14,855,237.00 from Borrower to the order of WCDLF XXV.

12.   Promissory Note (B Note) in the amount of $4,744,763.00 from Borrower to the order of WCDLF XXV.

13.   Promissory Note (A Note) in the amount of $7,427,623.00 from Borrower to the order of WCDLF XXIV.

14.   Promissory Note (B Note) in the amount of $2,372,377.00 from Borrower to the order of WCDLF XXIV.

**EXHIBIT B**

**COPIES OF ORIGINAL NOTES**

[Attached]

ST PAPER 1640

**PROMISSORY NOTE**
(A Note)

$3,090,174.00                                                                          April 30, 2010

     **FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("**Borrower**"), promises to pay to the order of **STP/NCF SUB-CDE, LLC**, a Delaware limited liability company ("**Lender**"), in lawful money of the United States of America, the principal sum of Three Million Ninety Thousand One Hundred and Seventy Four and No/100 Dollars ($3,090,174.00) (the "**Loan**") or such lesser amount as may be advanced herein (this "**Promissory Note**").

     For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

     "**Business Day**" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

     "**Closing Date**" shall mean the date the funds are initially advanced under this Promissory Note.

     "**Default Rate**" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

     "**Event of Default**" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

     "**Interest Rate**" shall mean 3.07799%.

     "**Loan Agreement**" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

     "**Loan Documents**" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

     "**Maturity Date**" shall mean April 30, 2040.

     "**Mortgage**" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

     Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1641

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon 97209; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 1643

**IN WITNESS WHEREOF,** Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC,** a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
       limited liability company, its manager

       By: _____
       Name: Sharad K. Tak
       Title: Manager

ST PAPER 1644

**PROMISSORY NOTE**
**(B Note)**

$829,826.00                                                                                           April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("**Borrower**"), promises to pay to the order of **STP/NCF SUB-CDE, LLC**, a Delaware limited liability company ("**Lender**"), in lawful money of the United States of America, the principal sum of Eight Hundred and Twenty Nine Thousand Eight Hundred and Twenty Six and No/100 Dollars ($829,826.00) (the "**Loan**") or such lesser amount as may be advanced herein (this "**Promissory Note**").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1645

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date. Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated. Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon, 97209; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1646

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## [SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

**ST PAPER, LLC**, a Delaware limited liability company

By:     ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager

ST PAPER 1648

**PROMISSORY NOTE**
**(A Note)**

$11,437,402.00                                                        April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **NNMF SUB-CDE X, LLC**, a California limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Eleven Million Four Hundred and Thirty Seven Thousand Four Hundred and Two and No/100 Dollars ($11,437,402.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1649

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 30851 Agoura Road, Suite 110C, Agoura Hills, California 91301; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _Sharad K. Tak_

Name: Sharad K. Tak
Title: Manager

ST Paper – NNMF A Note
#6033503

Signature Page

ST PAPER 1652

## PROMISSORY NOTE
### (B Note)

$3,112,598.00                                                           April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **NNMF SUB-CDE X, LLC**, a California limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Three Million One Hundred and Twelve Thousand Five Hundred and Ninety Eight and No/100 Dollars ($3,112,598.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 3.07799%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST Paper – NNMF B Note
#6033554

1

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 30851 Agoura Road, Suite 110C, Agoura Hills, California 91301; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 1655

**IN WITNESS WHEREOF,** Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

<u>**BORROWER:**</u>

**ST PAPER, LLC,** a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware
      limited liability company, its manager

      By: _Sh___ ew T_____
      Name: Sharad K. Tak
      Title: Manager

ST PAPER 1656

### PROMISSORY NOTE
#### (A Note)

$4,635,261.00                                                            April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("**Borrower**"), promises to pay to the order of **STP2 SUB-CE, LLC**, a Delaware limited liability company ("**Lender**"), in lawful money of the United States of America, the principal sum of Four Million Six Hundred and Thirty Five Thousand Two Hundred and Sixty One and No/100 Dollars ($4,635,261.00) (the "**Loan**") or such lesser amount as may be advanced herein (this "**Promissory Note**").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement.  The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"**Business Day**" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"**Closing Date**" shall mean the date the funds are initially advanced under this Promissory Note.

"**Default Rate**" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"**Event of Default**" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"**Interest Rate**" shall mean 3.07799%.

"**Loan Agreement**" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"**Loan Documents**" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"**Maturity Date**" shall mean April 30, 2040.

"**Mortgage**" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 1657

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon 97209; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## [SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager

ST PAPER 1660

# PROMISSORY NOTE
## (B Note)

$1,244,739.00                                                April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("**Borrower**"), promises to pay to the order of **STP2 SUB-CDE, LLC**, a Delaware limited liability company ("**Lender**"), in lawful money of the United States of America, the principal sum of One Million Two Hundred and Forty Four Thousand Seven Hundred and Thirty Nine and No/100 Dollars ($1,244,739.00) (the "**Loan**") or such lesser amount as may be advanced herein (this "**Promissory Note**").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"**Business Day**" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"**Closing Date**" shall mean the date the funds are initially advanced under this Promissory Note.

"**Default Rate**" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"**Event of Default**" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"**Interest Rate**" shall mean 3.07799%.

"**Loan Agreement**" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"**Loan Documents**" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"**Maturity Date**" shall mean April 30, 2040.

"**Mortgage**" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1661

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 24 NW First Avenue, Suite 470, Portland, Oregon, 97209; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1662

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## [SIGNATURE PAGE FOLLOWS]

ST PAPER 1663

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC,** a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

      By: _____
      Name: Sharad K. Tak
      Title: Manager

ST PAPER 1664

**PROMISSORY NOTE**
**(A Note)**

$4,602,840.00                                                            April 30, 2010

     **FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **USBCDE SUB-CDE LX, LLC**, a Delaware limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Four Million Six Hundred and Two Thousand Eight Hundred and Forty and No/100 Dollars ($4,602,840.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

     For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

     "*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

     "*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

     "*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

     "*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

     "*Interest Rate*" shall mean 3.07799%.

     "*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

     "*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

     "*Maturity Date*" shall mean April 30, 2040.

     "*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

     Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1665

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1307 Washington Avenue, Suite 300, St. Louis, Missouri 63103; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1666

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:     ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _Sharad K. Tak_
        Name: Sharad K. Tak
        Title: Manager

ST PAPER 1668

**PROMISSORY NOTE**
**(B Note)**

$1,535,160.00                                                      April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **USBCDE SUB-CDE LX, LLC**, a Delaware limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of One Million Five Hundred and Thirty Five Thousand One Hundred and Sixty and No/100 Dollars ($1,535,160.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1669

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).   All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.   Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.   Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1307 Washington Avenue, Suite 300, St. Louis, Missouri 63103; or at such other address and/or in such other manner as Lender may elect from time to time.   If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.   To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST Paper - USBCDE QLICI B Note
#6012797

2

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

ST PAPER, LLC, a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

      By:  *[signature]*
      Name: Sharad K. Tak
      Title: Manager

## PROMISSORY NOTE
### (A Note)

$3,202,473.00                                                    April 30, 2010

    **FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **CAPFUND CDE ONE LLC**, a California limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Three Million Two Hundred and Two Thousand Four Hundred and Seventy Three and No/100 Dollars ($3,202,473.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

    For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

    "***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

    "***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

    "***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

    "***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

    "***Interest Rate***" shall mean 3.07799%.

    "***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

    "***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

    "***Maturity Date***" shall mean April 30, 2040.

    "***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

    Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST Paper – CapFund A Note
#6033508

1

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).   All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.   Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.   Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1000 S. Washington, Lansing, Michigan 48910; or at such other address and/or in such other manner as Lender may elect from time to time.   If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.   Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.   To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1674

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**[SIGNATURE PAGE FOLLOWS]**

ST PAPER 1675

**IN WITNESS WHEREOF**, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC,** a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager

ST Paper – CapFund A Note
#6033508

Signature Page

ST PAPER 1676

## PROMISSORY NOTE
### (B Note)

$871,527.00                                                            April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **CAPFUND CDE ONE LLC**, a Delaware limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Eight Hundred and Seventy One Thousand Five Hundred and Twenty Seven and No/100 Dollars ($871,527.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 3.07799%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof

ST PAPER 1677

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 1000 S. Washington, Lansing, Michigan, 48910; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1678

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## [SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

**ST PAPER, LLC**, a Delaware limited liability company

By:     ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager

ST PAPER 1680

**PROMISSORY NOTE**
**(A Note)**

$14,855,237.00                                                              April 30, 2010

    **FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **WCDLF SUB CDE XXV, LLC**, a Wisconsin limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Fourteen Million Eight Hundred and Fifty Five Thousand Two Hundred and Thirty Seven and No/100 Dollars ($14,855,237.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

    For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement.  The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

    "***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

    "***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

    "***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

    "***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

    "***Interest Rate***" shall mean 3.07799%.

    "***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

    "***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

    "***Maturity Date***" shall mean April 30, 2040.

    "***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

    Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 1681

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).   All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.   Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.   Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.   Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.   To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1682

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

### [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

### [SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

**ST PAPER, LLC**, a Delaware limited liability company

By:     ST Paper Holdings, LLC, a Delaware
         limited liability company, its manager

         By: _Sharad K. Tak_
         Name: Sharad K. Tak
         Title: Manager

ST Paper – WCDLF XXV A Note
#6033479

Signature Page

ST PAPER 1684

## PROMISSORY NOTE
### (B Note)

$4,744,763.00                                                            April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("***Borrower***"), promises to pay to the order of **WCDLF SUB CDE XXV, LLC**, a Wisconsin limited liability company ("***Lender***"), in lawful money of the United States of America, the principal sum of Four Million Seven Hundred and Forty Four Thousand Seven Hundred and Sixty Three and No/100 Dollars ($4,744,763.00) (the "***Loan***") or such lesser amount as may be advanced herein (this "***Promissory Note***").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement.  The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"***Closing Date***" shall mean the date the funds are initially advanced under this Promissory Note.

"***Default Rate***" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 3.07799%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"***Loan Documents***" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2040.

"***Mortgage***" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 1685

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).  All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.  Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.  Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time.  If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.  Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.  To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST PAPER 1686

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## [SIGNATURE PAGE FOLLOWS]

ST PAPER 1687

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By: ST Paper Holdings, LLC, a Delaware limited liability company, its manager

   By: _____
   Name: Sharad K. Tak
   Title: Manager

ST PAPER 1688

# PROMISSORY NOTE
## (A Note)

$7,427,623.00                                                             April 30, 2010

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **WCDLF SUB CDE XXIV, LLC**, a Wisconsin limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Seven Million Four Hundred and Twenty Seven Thousand Six Hundred and Twenty Three and No/100 Dollars ($7,427,623.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement.  The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

"*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

"*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

"*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

"*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"*Interest Rate*" shall mean 3.07799%.

"*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

"*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan B Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

"*Maturity Date*" shall mean April 30, 2040.

"*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST Paper – WCDLF XXIV A Note
#6033446

1

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).   All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.   Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.   Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time.   If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.   Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.   To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## [SIGNATURE PAGE FOLLOWS]

ST PAPER 1691

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

BORROWER:

ST PAPER, LLC, a Delaware limited liability company

By:   ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager

ST Paper – WCDLF XXIV A Note
#6033446

Signature Page

ST PAPER 1692

**PROMISSORY NOTE**
**(B Note)**

$2,372,377.00                                                                    April 30, 2010

     **FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **WCDLF SUB CDE XXIV, LLC**, a Wisconsin limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of Two Million Three Hundred and Seventy Two Thousand Three Hundred and Seventy Seven and No/100 Dollars ($2,372,377.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

     For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement.  The following definitions (some of which are restated from those definitions contained in the Loan Agreement) shall apply to the words and phrases used herein:

     "*Business Day*" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in St. Louis, Missouri.

     "*Closing Date*" shall mean the date the funds are initially advanced under this Promissory Note.

     "*Default Rate*" shall mean a rate of interest per annum equal to three percent (3%) in excess of the Interest Rate.

     "*Event of Default*" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

     "*Interest Rate*" shall mean 3.07799%.

     "*Loan Agreement*" shall mean that certain Loan Agreement, dated as of the date hereof, by and between the Lender, as lender, and the Borrower, as borrower.

     "*Loan Documents*" shall mean this Promissory Note, the Loan Agreement, the Loan A Note (as defined in the Loan Agreement), the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, restatements and replacements thereof.

     "*Maturity Date*" shall mean April 30, 2040.

     "*Mortgage*" shall mean that certain Mortgage dated as of the date hereof executed by Borrower in favor of Lender and the other "CDE Lenders" as defined therein.

     Subject to the terms and conditions of the Loan Agreement, the outstanding principal amount of the Loan shall bear interest at the Interest Rate.  In the event that after the date hereof

ST PAPER 1693

any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender).   All interest payable hereunder shall be computed on the basis of a year consisting of three hundred sixty (360) calendar days and twelve (12) equal months; provided that the first quarterly payment of interest shall be calculated based on the period through the end of the first quarter after the Closing Date, and thereafter through the end of the succeeding quarter.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

The principal amount and accrued interest of this Promissory Note shall be due and payable on the dates and in the manner set forth in the Loan Agreement.

The Loan may not be prepaid in whole or in part at any time prior to the seventh (7th) anniversary of the Closing Date.   Borrower acknowledges that this prepayment restriction is derived from Section 45D of the Code (as defined in the Loan Agreement) and has been specifically bargained for and negotiated.   Borrower further acknowledges that Lender would not make the Loan in the absence of such prepayment restriction.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 201 West Washington Avenue, Suite 700, Madison, Wisconsin 53703; or at such other address and/or in such other manner as Lender may elect from time to time.   If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day.   Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note.   To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest

ST Paper – WCDLF XXIV B Note
#6033515

2

hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note.  No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy.  Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other property or indebtedness due or to become due to Borrower.  Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

## [REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

### [SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By:    ST Paper Holdings, LLC, a Delaware
        limited liability company, its manager

        By: _____
        Name: Sharad K. Tak
        Title: Manager