# EXHIBIT M

## SECOND AMENDED AND RESTATED PROMISSORY NOTE
### (A Note)

$21,970,150.00                                                          Dated as of March 19, 2019

**FOR VALUE RECEIVED**, the undersigned, **ST PAPER, LLC**, a Delaware limited liability company ("*Borrower*"), promises to pay to the order of **ST PAPER HOLDINGS, LLC**, a Delaware limited liability company ("*Lender*"), in lawful money of the United States of America, the principal sum of TWENTY-ONE MILLION NINE HUNDRED SEVENTY THOUSAND ONE HUNDRED FIFTY and No/100 Dollars ($21,970,150.00) (the "*Loan*") or such lesser amount as may be advanced herein (this "*Promissory Note*").

WHEREAS, pursuant to that certain Loan Agreement (as more particularly defined herein, the "*Loan Agreement*") between Capmark CDF Subfund III, LLC ("*Capmark*") and Borrower dated April 30, 2010, Capmark provided loans on or about April 30, 2010 to Borrower, which loans are evidenced by (a) a Promissory Note in the original principal amount of $21,970,250.00 ("*Promissory Note A*") and (b) a Promissory Note B in the original principal amount of $5,000,000 ("*Promissory Note B*");

WHEREAS, Promissory Note B has been repaid in full;

WHEREAS, Promissory Note A remains outstanding as a loan from Borrower;

WHEREAS, pursuant to that certain Assignment of A Loan and Loan Documents dated as of May 2, 2017 between Capmark and Capmark CDF Subfund III Leverage Fund I LLC, a Delaware limited liability company ("*Fund*"), Capmark assigned the Loan and all loan documents evidencing and securing the Loan to Fund;

WHEREAS, pursuant to that certain Assignment of A Loan and Loan Documents dated as of May 2, 2017 between Fund and U.S Bancorp Community Development Corporation, a Minnesota corporation ("*USBCDC*"), Fund assigned the Loan and the loan documents evidencing and securing the Loan to USBCDC;

WHEREAS, USBCDC and Lender are parties to that certain Amended and Restated Loan Participation Agreement dated as of April 30, 2010, between USBCDC and Lender (the "*Participation Agreement*");

WHEREAS, in full satisfaction of its obligations under the Participation Agreement, USBCDC has assigned the Loan and all Loan Documents (as defined herein) evidencing the Loan to Lender pursuant to an Assignment of A Loan and Loan Documents dated as of May 2, 2017, which assignment includes all of the right, title and interest of USBCDC under the Loan and Promissory Note A;

WHEREAS, Lender and Borrower amended and restated and replaced Promissory Note A in its entirety pursuant to a certain Amended and Restated Promissory Note (A Note) effective as of April 30, 2017 (the "*First Restated Note*"); and

WHEREAS, solely in order to correct certain typographical errors therein and certain other matters as set forth herein, Lender and Borrower now wish to amend and restate and replace the First Restated Note in its entirety as set forth below;

For the purposes of this Promissory Note, unless otherwise defined herein, capitalized terms used herein shall have the meaning ascribed to such terms in the Loan Agreement. The following definitions shall apply to the words and phrases used herein:

"***Business Day***" shall mean any day other than a Saturday, Sunday or a legal holiday on which banks are authorized or required to be closed for the conduct of commercial banking business in Rockville, Maryland.

"***Default Rate***" shall mean a rate of interest per annum equal to five percent (5%) in excess of the Interest Rate.

"***Event of Default***" shall mean any of those events set forth in Section 8.1 of the Loan Agreement.

"***Interest Rate***" shall mean 8.0%.

"***Loan Agreement***" shall mean that certain Loan Agreement, dated as of April 30, 2010, by and between Capmark, as lender, and Borrower, as borrower, as amended and ultimately assigned to Lender, as amended, supplemented, restated or otherwise modified from time to time with the prior written consent of Lender.

"***Loan Documents***" shall mean this Second Amended and Restated Promissory Note, the Mortgage, financing statements, and all other documents, instruments and agreements which evidence, secure or are otherwise executed in connection with the Loan, including all amendments, modifications, renewals, extensions, assignments, restatements and replacements thereof.

"***Maturity Date***" shall mean April 30, 2047.

"***Mortgage***" shall mean that certain Mortgage dated as of April 30, 2010 executed by Borrower in favor of Capmark, as ultimately assigned to Lender, as amended, supplemented, restated or otherwise modified from time to time with the prior written consent of Lender.

Subject to the terms and conditions of the Loan Agreement and the next succeeding paragraph, the outstanding principal amount of the Loan shall bear interest at the Interest Rate. In the event that after the date hereof any governmental authority subjects Lender to any new or additional charge, fee, withholding or tax of any kind with respect to any loans hereunder or changes the method of taxation of such loans or changes the reserve or deposit requirements applicable to such loans, Borrower shall pay to Lender such additional amounts as will compensate Lender for such cost of lost income resulting therefrom as reasonably determined by Lender (other than franchise taxes and taxes based upon or measured by the income or profits of Lender). All interest payable hereunder shall be computed on the basis of the actual number of days elapsed over a year consisting of three hundred sixty (360) calendar days.

From and after the date of any Event of Default, interest on funds outstanding hereunder shall accrue at the Default Rate.

In no contingency or event whatsoever, whether by reason of advancement of the proceeds hereof or otherwise, shall the amount paid or agreed to be paid to Lender for the use, forbearance or detention of money advanced hereunder exceed the highest lawful rate permissible under any law which a court of competent jurisdiction may deem applicable hereto.

Notwithstanding anything to the contrary set forth in the Loan Documents, unless earlier accelerated pursuant to the terms hereof and of the Loan Agreement, Borrower shall not be required to make any payments of principal and/or accrued interest on this Promissory Note until the Maturity Date. On the Maturity Date, all payments of principal and accrued interest on this Promissory Note shall be due and payable in full.

Payments of principal and interest shall be made to Lender by crediting before 12:00 noon, central standard time, on the appropriate due date, at the offices of Lender located at 9201 Corporate Blvd., Suite 420, Rockville, MD 20850; or at such other address and/or in such other manner as Lender may elect from time to time. If any payment is due on a calendar day other than a Business Day, such payment shall be due on the next succeeding Business Day. Failure to make payments on this Promissory Note on the date such amount becomes due and payable shall constitute an Event of Default hereunder.

Time is of the essence with respect to this Promissory Note. To the extent not prohibited by applicable law, Borrower, for itself and its successors and assigns, expressly waives presentment, demand, protest, notice of dishonor, and any and all other notices, demands and consents in connection with the delivery, acceptance, performance, default or enforcement of this Promissory Note, and hereby consents to any extensions of time, renewals, releases of any party to or guarantor of this Promissory Note, waivers and any other modifications that may be granted or consented to by Lender from time to time in respect of the time of payment or any other provision of this Promissory Note.

The termination of the Loan Agreement or the occurrence of any Event of Default shall entitle Lender, at its option, to declare the then outstanding principal balance and accrued interest hereof to be, and the same shall thereupon become, immediately due and payable without notice to or demand upon Borrower, all of which Borrower hereby expressly waives.

Wherever possible each provision of this Promissory Note shall be interpreted in such a manner as to be effective and valid under applicable law, but if any provision of this Promissory Note shall be prohibited or invalid under applicable law, such provision shall be ineffective to the extent of such prohibition or invalidity without invalidating the remainder of such provision or remaining provisions of this Promissory Note. No delay or failure on the part of Lender in the exercise of any right or remedy hereunder shall operate as a waiver thereof, nor as acquiescence in any default, nor shall any single or partial exercise by Lender of any right or remedy preclude any other right or remedy. Lender, at its option, may enforce its rights against any collateral securing this Promissory Note without enforcing its rights against Borrower or any other

property or indebtedness due or to become due to Borrower. Borrower agrees that, without releasing or impairing Borrower's liability hereunder, Lender may at any time release, surrender, substitute or exchange any collateral securing this Promissory Note and may at any time release any party primarily or secondarily liable for the indebtedness evidenced by this Promissory Note.

All of the terms, covenants and agreements of the Loan Agreement and the other Loan Documents are incorporated herein by reference.

Except as amended under this Promissory Note, the terms of the Loan Documents are hereby ratified and confirmed and remain in full force and effect.

Borrower hereby agrees that in the event of recovery of the original version of any of the Original Notes or any subsequent iteration thereof, or any amendment thereto or other modification thereof, at any time hereafter, Borrower will cause the same to be immediately delivered to Lender.

This Promissory Note shall be governed by, and construed and enforced in accordance with, the internal laws of the State of Wisconsin without regard to the choice of law rules of that State, except to the extent that any of such laws may now or hereafter be preempted by Federal law.

Borrower acknowledges, agrees and understands that this Promissory Note is given in replacement of and in substitution for, but not in payment of, the First Restated Note, as heretofore amended, and further, that: (a) the obligations of Borrower as evidenced by the First Restated Note shall continue in full force and effect, as amended and restated by this Promissory Note, all of such obligations being hereby ratified and confirmed by Borrower; (b) any and all liens, pledges, assignments and security interests securing Borrower's obligations under the First Restated Note shall continue in full force and effect, are hereby ratified and confirmed by Borrower, and are hereby acknowledged by Borrower to secure, among other things, all of the Borrower's obligations to Lender under this Promissory Note, with the same priority, operation and effect as that relating to the obligations under the First Restated Note; (c) nothing herein contained shall be construed to extinguish, release, or discharge, or constitute, create, or effect a novation of, or an agreement to extinguish, the obligations of Borrower with respect to the indebtedness originally described in the First Restated Note or any of the liens, pledges, assignments and security interests securing such obligations and (d) any agreement, document or instrument making reference to Promissory Note A or the First Restated Note shall mean and be a reference to this Promissory Note, as amended from time to time.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

IN WITNESS WHEREOF, Borrower has caused this Promissory Note to be duly executed as of the day and year first above written.

**BORROWER:**

**ST PAPER, LLC**, a Delaware limited liability company

By: ST Paper Holdings, LLC, a Delaware limited liability company, its manager

By: _____
Name: Sharad K. Tak
Title: Manager