# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABILITY INSURANCE COMPANY,<br><br>                                Plaintiff,<br><br>            v.<br><br>ST PAPER, LLC<br><br>                                Defendant. | Civil Action No.: 1:20-cv-03851 (GBD) |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S DISCOVERY DEMANDS**

Plaintiff Ability Insurance Company ("Ability") through its attorney Troutman Pepper Hamilton Sanders LLP, as and for its response to Defendant ST Paper, LLC's ("ST Paper") discovery demands to Plaintiff, hereby responds and states as follows:

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each person with knowledge of your efforts to respond to these Discovery Requests. For each person identified, indicate the period of his or her involvement and describe the person's responsibility and contribution to your efforts to respond.

      **RESPONSE:** David Charsky and Tim O'Shea responded to the interrogatories with the assistance of counsel.

**INTERROGATORY NO. 2:**

Identify all persons who were involved, whether directly or indirectly, in the assignment of Note 1 from Maple Bridge Funding LLC to you, indicating whether each person represented you, Maple Bridge Funding LLC, or another party.

**RESPONSE**: Objection.  This interrogatory is vague and overbroad in that it is unknown what Defendant means by "indirectly" involved "in the assignment of Note 1 from Maple Bridge Funding LLC to you."  Without waiver of the foregoing objection, the documents attached to the Complaint as Exhibits 6 and 7 outline the individual involved in the assignment of Note 1.  In addition, Tim O'Shea, a Manager of Maple Bridge Funding LLC, was involved in the assignment of Note 1 from Maple Bridge Funding LLC to Ability Insurance Company.

**INTERROGATORY NO. 3:**

**Identify the consideration paid by you, if any, for Maple Bridge Funding LLC ' s assignment of Note 1 to you.**

**RESPONSE:**  Ability Insurance Company participated in the original financing of $7,150,000 that Maple Bridge Funding LLC provided to Green Box NA, Green Bay LLC.

**INTERROGATORY NO. 4:**

**Identify all Documents related to the assignment of Note 1 from Maple  Bridge Funding  LLC to you.**

**RESPONSE:**  Objection.  This interrogatory is vague and overbroad and seeks information that may be protected by the attorney client privilege.  Without wavier of the foregoing objections, Ability Insurance Company produces documents bates numbers AIC000001 to AIC000265 and attached hereto.

**INTERROGATORY NO. 5:**

**Identify the facts and circumstances supporting your allegation in paragraph 64 of the Complaint that as of the time of the filing of the Complaint, Green Box NA Green Bay, LLC owed you more than $9,000,000 in principal, interest, taxes and brokerage amounts under the period.**

**RESPONSE:**  On April 16, 2007, ST Paper executed and delivered Note 1 to OFTI.  OFTI then proceeded to assign Note 1 to SHF XII, LLC d/b/a Stonehill Capital Group on the same day.  OFTI subsequently assigned Note 1 to Paper Holdco, LLC by way of an Alonge dated September 26, 2012. Thereafter, on December 10, 2013 Paper Holdco LLC assigned Note 1 to Green Box, NA Green Bay, LLC ("Green Box") by way of an Alonge.  On December 10, 2013, Green Box executed and delivered a promissory note (the "Green Box Note") in the principal amount of Seven Million One Hundred Fifty Thousand Dollars ($7,150,000), to Maple Bridge Funding LLC.  The Green Box Note evidenced a loan that Maple Bridge Funding LLC made to Green Box (the "Maple Bridge Loan").

At the time of the Green Box Loan, Green Box executed an Assignment of Rights, wherein it assigned all rights and interests it had in Note 1 to Maple Bridge Funding LLC.  The Assignment of Rights was meant to serve as additional security for payment of the Green Box Loan.  Maple Bridge Funding LLC then assigned the Green Box Note to AIC by way of an Alonge executed and delivered on December 11, 2013.  On or about March 11, 2015, Green Box defaulted on its obligations under the Green Box Note.  Attached as bates numbers AIC000232 to AIC000234 is an annual statement that Ability Insurance Company filed with the NAIC and Nebraska Department of Insurance showing a principal balance of $7,150,000 and accrued interest of $572,000 due on the note as of the time of the breach.  That interest has accrued at a rate of 12% per year since 2015.

## INTERROGATORY NO. 6:

**If you contend that any amount due to you under Note 1 is not offset by the amounts specified in the Compromise Agreement, state with particularity the facts upon which you based your contention.**

**RESPONSE:**  Objection.  This interrogatory calls for a legal conclusion.  Without waiver of the foregoing objection, AIC responds as follows:  The Compromise Agreement is dated March 31, 2009 and was entered into by and among ST Paper, Oconto Falls Tissue, Inc. ("OFTI"), Tissue Products Technology Corp., Eco Fibre Inc., and Tissue Technology LLC (collectively the "Compromise Agreement Parties").  At the time the Compromise Agreement Parties entered into the Compromise Agreement, they did not own or hold Note 1 and had no ability to agree to a set-off of amounts owned under Note 1.  Indeed, at the time the Compromise Agreement was entered into, Note 1 was held by SHF XII, LLC.  *See* ST Paper 0592.

## INTERROGATORY NO. 7:

**Identify all facts and documents related to your compliance, if any, with Paragraph 2.5(a) of the Subordination Agreement.**

**RESPONSE:**  Objection.  This request is vague and unduly burdensome and seeks information that is not within the possession, custody and control of AIC.  Notwithstanding the foregoing objections, Alonges attached to the Complaint were executed and attached to the Note and Subordination Agreement that provided for subordination and forbearance in accordance with the terms of the April 16, 2007 Subordination Agreement.  In addition, Note 1 contains a Header putting holders on notice of the Subordination Agreement.

## RESPONSES TO DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in any of your Interrogatory responses.

**RESPONSE:** Documents identified in Answers to Interrogatories are attached as Exhibits to the Complaint in this matter and/or are referenced by bates number and produced along with these responses to document requests.

**REQUEST FOR PRODUCTION NO. 2:**

All documents, including documents constituting or reflecting communications, related to your acquisition of Note 1 from Maple Bridge Funding LLC.

**RESPONSE:** Objection. This request is overly broad and unduly burdensome. Without waiver of the forgoing objections, all documents in the possession, custody and control of Ability Insurance Company that relate to the Assignment of Note 1 are being produced as documents bates numbers AIC000001 to AIC000265.

**REQUEST FOR PRODUCTION NO. 3:**

All documents constituting or reflecting communications between you and OFTI, to include any members , employees, officers, directors or attorneys of OFTI, regarding Note 1.

**RESPONSE:** Objection. This request is unintelligible. Without waiver of the forgoing objections all documents related to the Assignment of Note 1 are being produced as documents bates numbers AIC000001 to AIC000265. By way of further response, Ability Insurance Company has not had any communications with OFTI regarding the Note.

**REQUEST FOR PRODUCTION NO. 4:**

All documents constituting or reflecting communications between you and Green Box Green Bay, LLC, to include any members, employees, officers, directors, members or attorneys of Green Box NA Green Bay, LLC, regarding Note 1.

**RESPONSE:** Objection. This request is unintelligible and overbroad. Without waiver of the forgoing objections, all documents related to Note 1 are being produced as documents bates numbers AIC000001 to AIC000265.

### REQUEST FOR PRODUCTION NO. 5:

**All documents, including documents constituting or reflecting communications, related to the execution and delivery of any joinders to the Subordination Agreement by any transferor or transferee of Note 1.**

**RESPONSE:** Objection this request is overbroad and vague. Without waiver of the foregoing objections, see the Alonges attached to the Complaint as Exhibits 1 through 7 together with all documents produced as documents bates numbers AIC000001 to AIC000265.

### REQUEST FOR PRODUCTION NO. 6:

**Produce for inspection the original Note 1.**

**RESPONSE:** The original note is in the possession of Ability Insurance Company and will be made available for inspection upon reasonable advance notice. A copy of the original note also has been produced as bates number AIC000240.

### REQUEST FOR PRODUCTION NO. 7:

**Produce copies of all documents produced to you by any third-parties in response to any subpoena you issued in this matter.**

**RESPONSE:** Documents that have been received through third party subpoenas were produced on June 3, 2021 under bates numbers Capmark_000001 to 000792, GS-000001-001217, UFA0000001-0014388, and WCDLF000001-008181.

Dated: New York, New York,
        June 10, 2021

**TROUTMAN PEPPER HAMILTON SANDERS LLP**

By: /s/ Angelo A. Stio III
    Angelo A. Stio III
    Melissa A. Chuderewicz
    The New York Times Building
    620 Eighth Avenue, 37th Floor
    New York, NY  10018-1405
    Angelo.Stio@Troutman.com
    Melissa.Chuderewicz@Troutman.com

(212) 808-2700

-and-

301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
Melissa.Chuderewicz@troutman.com
(609) 452-0808

#116805724 v1