# EXHIBIT G

**NOTICE TO MAKER: UPON MATURITY OR EARLIER ACCELERATION,
A BALLOON PAYMENT OF THE ENTIRE PRINCIPAL BALANCE OF THIS NOTE,
PLUS ANY THEN ACCRUED BUT UNPAID INTEREST THEREON
WILL BE DUE AND PAYABLE.**

<u>PROMISSORY NOTE</u>

$7,150,000.00                                                                                 December 10th, 2013

      FOR VALUE RECEIVED, the undersigned GREEN BOX NA GREEN BAY, LLC, a Wisconsin limited liability company ("Maker"), unconditionally promises to pay to the order of MAPLE BRIDGE FUNDING, LLC, a Wyoming limited liability company, its successors and assigns ("Lender"), without setoff, at the office of Lender or its agent, designee or assignee, 55 N Water Street, Ste. 3, South Norwalk, Connecticut 06854, or at such other address as Lender may from time to time designate in writing, the principal sum of Seven Million One Hundred Fifty Thousand and 00/100 Dollars ($7,150,000.00), or so much thereof as may be advanced, in lawful money of the United States of America, together with interest from the date hereof, on the whole of said principal sum unpaid hereunder computed on the basis of a three hundred sixty (360) day year and charged on the actual number of days principal is outstanding at the rate of Twelve percent (12%) per annum. In computing the number of days during which interest accrues, the day on which funds are initially advanced shall be included regardless of the time of day such advance is made.

      Principal and interest shall be paid by Maker as follows:

      Interest only payments, payable monthly in arrears, beginning January 1, 2014 and continuing on the first (1st) day of each succeeding month until June 1, 2015 (the "Maturity Date") at which time the entire principal balance and all accrued and unpaid interest thereon shall be due and payable.

      If any installment payable under this Note (including the final installment due on the Maturity Date) is not received by Lender within five (5) days after the date on which it is due (without regard to any applicable cure and/or notice period as described below), Maker shall pay to Lender a late fee equal to five percent (5%) of the amount of any such installment.

      The term "Debt" means, collectively, (i) the unpaid principal balance of and the accrued but unpaid interest on this Note, and (ii) all other sums due, payable or reimbursable to Lender and all other liabilities and obligations of Maker under this Note or the Loan Documents (including, without limitation, sums due or payable by Maker for deposit into any escrows established or required by this Note or the Loan Documents). "Loan Documents" means this Note, the Mortgage and Security Agreement of even date herewith from Maker to Lender, the Absolute Assignment of Leases and Rents of even date herewith from Maker to Lender, the Conditional Commitment Letter dated November 10, 2013 from Lender to Maker and accepted by Maker on November 12, 2013, that certain Certification of even date herewith from Maker to Lender and any other

1

document executed in conjunction with the transaction contemplated hereby, except for that certain Environmental Indemnity Agreement of even date herewith given by Maker and Ronald H. Van Den Heuvel to Lender, as the same now exist or may hereafter be amended, modified, supplemented, extended, renewed, restated or replaced.

If any payment of principal and interest shall become due on a day which is not a Business Day, such payment shall be made on the next succeeding Business Day and such extension of time shall be included in the computing of interest in connection with such payment. As used herein, the term "Business Day" shall mean any day other than a Saturday, Sunday or federal banking holiday upon which Lender is closed. Any check, draft, money order or other instrument given in payment of all or any portion of this Note may be accepted by Lender and handled in collections in the customary manner, but the same shall not constitute payment or diminish any rights of Lender except to the extent that actual cash proceeds of such instrument are unconditionally received by Lender. Any and every payment of principal, interest or any other sums shall be made in the lawful money of the United States of America that is legal tender for payment of all debts and dues, public and private, at the time of payment, and shall be applied (i) to pay any expenses due Lender under this Note or any other Loan Document until paid in full, (ii) to pay any fees then due to Lender under the Loan Documents until paid in full, (iii) to pay any accrued and unpaid interest on the principal balance of this Note, and (iv) to pay the principal balance due under this Note until paid in full. After the proper crediting of any principal payments, interest shall cease upon the portion of the principal so credited.

For purposes of this Note, an "Event of Default" shall be construed to mean a default under this Note or the Loan Documents. Upon the occurrence of an Event of Default, Lender shall give notice to Maker. If the Event of Default is the result of a failure on the part of Maker to make any payment required in this Note or the other Loan Documents, such Event of Default shall be cured within five (5) days after the date on which Lender shall have given notice of default to Maker. If the Event of Default is due to any other default under this Note or under any other Loan Document such Event of Default shall be cured within thirty (30) days after the date on which Lender shall have given notice of default to Maker (or if such default is not curable within such 30-day period, Maker shall have not diligently undertaken and continued to pursue the curing of such default and deposited an amount sufficient to cure such default in an escrow account satisfactory to Lender). If Maker fails to cure the Event of Default within the time permitted, Lender may, at its option, without notice or demand to Maker, declare the Debt immediately due and payable. All remedies hereunder, the Loan Documents and at law or in equity shall be cumulative. In the event that it should become necessary to employ counsel to collect the Debt or to protect or foreclose the security for the Debt or to defend against any claims asserted by Maker arising from or related to this Note or the Loan Documents, Maker also agrees to pay to Lender on demand all costs of collection or defense incurred by Lender, including reasonable attorney's fees for the services of counsel whether or not suit be brought. Upon the occurrence of an Event of Default, Maker shall pay interest on the entire principal sum and any other amounts due under the Loan Documents at the Default Rate (as hereinafter defined). The Default Rate shall be computed from the occurrence of the Event of Default until the cure of the Event of Default. Amounts of interest accrued at the Default Rate shall constitute a portion of the Debt, and shall be deemed secured by the Loan Documents. For purposes of this Note, "Default Rate" shall be construed to mean an interest rate equal to eighteen (18%) percent per annum, provided however, in no event shall interest be

AIC000227

charged in excess of the highest interest rate allowable by applicable law. In no event shall the notice and cure period provisions recited above constitute a grace period for the purpose of commencing interest at the Default Rate.

Provided no Event of Default then exists, the principal balance of this Note may be prepaid, in whole or in part, without premium or penalty, upon not less than five (5) days prior written notice to Lender specifying the date on which the prepayment is to be made (the "Prepayment Date") and upon Lender's receipt of any such prepayment, such amount shall be applied (i) to pay any expenses due Lender under this Note or the Loan Documents until paid in full, (ii) to pay any fees then due to Lender under the Loan Documents until paid in full, (iii) to pay any accrued and unpaid interest on the principal balance of this Note, and (iv) to pay the principal balance due under this Note until paid in full. No prepayment shall postpone any other payment required under this Note or affect the obligation to pay the same when due.

It is expressly stipulated and agreed to be the intent of Maker and Lender at all times to comply with applicable state law or applicable United States federal law (to the extent that it permits Lender to contract for, charge, take, reserve or receive a greater amount of interest than under state law) and that this section shall control every other covenant and agreement in this Note and the Loan Documents. If the applicable law (state or federal) is ever judicially interpreted so as to render usurious any amount called for under this Note or under the Loan Documents, or contracted for, charged, taken, reserved or received with respect to the indebtedness evidenced by this Note or the Loan Documents, or if Lender's exercise of the option to accelerate the maturity of this Note, or if any prepayment by Maker results in Maker having paid any interest in excess of that permitted by applicable law, then it is Maker's and Lender's express intent that all excess amounts theretofore collected by Lender be credited on the principal balance of this Note (or, if this Note has been or would thereby be paid in full, refunded to Maker), and the provisions of this Note and the Loan Documents shall immediately be deemed reformed and the amounts thereafter collectible hereunder and thereunder reduced, without the necessity of the execution of any new document, so as to comply with applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder. All sums paid or agreed to be paid to Lender for the use, forbearance and detention of the indebtedness evidenced by this Note and the Loan Documents shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such indebtedness until payment in full so that the rate or amount of interest on account of such indebtedness does not exceed the maximum rate permitted under applicable law from time to time in effect and applicable to the indebtedness evidenced hereby for so long as such indebtedness remains outstanding. Notwithstanding anything to the contrary contained in this Note or the Loan Documents, it is not the intention of Lender to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration.

EXCEPT AS SPECIFICALLY PROVIDED HEREIN OR IN THE LOAN DOCUMENTS, MAKER AND ANY ENDORSERS, SURETIES OR GUARANTORS HEREOF JOINTLY AND SEVERALLY WAIVE PRESENTMENT AND DEMAND FOR PAYMENT, NOTICE OF INTENT TO ACCELERATE MATURITY, NOTICE OF ACCELERATION OF MATURITY, PROTEST AND NOTICE OF PROTEST AND NON-PAYMENT, ALL APPLICABLE EXEMPTION RIGHTS, VALUATION AND APPRAISEMENT, NOTICE OF DEMAND, AND ALL OTHER NOTICES IN CONNECTION WITH THE DELIVERY,

ACCEPTANCE, PERFORMANCE, DEFAULT OR ENFORCEMENT OF THE PAYMENT OF THIS NOTE AND THE BRINGING OF SUIT AND DILIGENCE IN TAKING ANY ACTION TO COLLECT THE SUMS OWING HEREUNDER OR IN PROCEEDING AGAINST ANY OF THE RIGHTS AND COLLATERAL SECURING PAYMENT HEREOF. Maker and any surety, endorser or guarantor hereof agree (i) that the time for any payment hereunder may be extended from time to time without notice and consent, (ii) to the acceptance of further collateral, (iii) the release of any existing collateral for the payment of this Note, (iv) to any and all renewals, waivers or modifications that may be granted by Lender with respect to the payment or other provisions of this Note, and/or (v) that additional makers, endorsers, guarantors or sureties may become parties hereto all without notice to them and without in any manner affecting their liability under or with respect to this Note. No extension of time for the payment of this Note or any installment hereof shall affect the liability of Maker under this Note or any endorser or guarantor hereof even though Maker or such endorser or guarantor is not a party to such agreement. It is agreed that time is of the essence of this Note and all the obligations of Maker hereunder.

Failure of Lender to exercise any of the options granted herein to Lender upon the happening of one or more of the events giving rise to such options shall not constitute a waiver of the right to exercise the same or any other option at any subsequent time in respect to the same or any other event. The acceptance by Lender of any payment hereunder that is less than payment in full of all amounts due and payable at the time of such payment shall not constitute a waiver of the right to exercise any of the options granted herein to Lender at that time or at any subsequent time or nullify any prior exercise of any such option without the express written acknowledgment of Lender.

Maker represents that Maker has full power, authority and legal right to execute, deliver and perform its obligations pursuant to this Note and the Loan Documents and that this Note and the Loan Documents constitute legal, valid and binding obligations of Maker.

Any notice required or provided for herein shall be in writing and shall be delivered personally or sent by certified mail or reputable courier service with charges prepaid, to the address for Maker and Lender set forth herein or at such other address as either Maker or Lender shall designate by written notice as provided in this paragraph. Notice shall be deemed given on the date received. Any notice which is rejected, the acceptance of which is refused or which is incapable of being delivered during normal business hours at the address provided herein or such other address designated pursuant hereto shall be deemed received as of the date of the attempted delivery.

Lender shall have the unrestricted right at any time or from time to time to sell this Note and the loan evidenced by this Note and the Loan Documents or participation interests therein. Maker shall execute, acknowledge and deliver any and all instruments requested by Lender to satisfy such purchasers or participants that the unpaid indebtedness evidenced by this Note is outstanding upon the terms and provisions set out in this Note and the Loan Documents.

Neither this Note nor the Loan Documents nor any uncertainty or ambiguity herein or therein shall be construed or resolved against Lender by virtue of the fact that such document has originated with Lender as drafter. Maker acknowledges that it has reviewed this Note and has had

the opportunity to consult with counsel on same. This Note therefore, shall be construed and interpreted according to the ordinary meanings of the words used so as to fairly accomplish the purposes and intentions of the parties hereto.

To the extent this Note conflicts with or is in any way incompatible with any other Loan Document, this Note shall control over any other such document, and if this Note does not address an issue, the other Loan Documents shall control to the extent they deal most specifically with the issue.

On the Maturity Date, Maker must repay the entire principal balance of this Note and all unpaid interest then due. Lender is under no obligation to refinance the outstanding principal balance of this Note (if any) at that time. Maker will therefore, be required to make payment out of other assets Maker may own; or Maker will have to find a lender willing to lend Maker the money at prevailing market rates, which may be higher than the interest rate on the outstanding principal balance of this Note. If any person has guaranteed payment of this Note, such person may be required to perform under such guaranty.

THIS NOTE SHALL BE DEEMED TO HAVE BEEN MADE IN THE STATE OF WISCONSIN AND SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF WISCONSIN WITHOUT REGARD TO PRINCIPLES OF CONFLICT OF LAWS. MAKER HEREBY IRREVOCABLY AND UNCONDITIONALLY SUBMITS ITSELF AND ITS PROPERTY TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT IN THE STATE OF WISCONSIN; PROVIDED THAT NOTHING CONTAINED IN THIS NOTE WILL PREVENT LENDER FROM BRINGING ANY ACTION, ENFORCING ANY AWARD OR JUDGMENT OR EXERCISING ANY RIGHTS AGAINST ANY LOAN PARTY OR AGAINST ANY PROPERTY WITHIN ANY OTHER COUNTY, STATE OR OTHER FOREIGN OR DOMESTIC JURISDICTION.

TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, MAKER HEREBY WAIVES ITS RIGHT TO A JURY TRIAL OF ANY CLAIM OR CAUSE OF ACTION BASED UPON OR ARISING OUT OF THIS NOTE OR ANY OF THE TRANSACTIONS CONTEMPLATED HEREIN, INCLUDING CONTRACT CLAIMS, TORT CLAIMS, BREACH OF DUTY CLAIMS, AND ALL OTHER COMMON LAW OR STATUTORY CLAIMS. MAKER REPRESENTS THAT IT HAS REVIEWED THIS WAIVER AND KNOWINGLY AND VOLUNTARILY WAIVES ITS JURY TRIAL RIGHTS FOLLOWING CONSULTATION WITH LEGAL COUNSEL. IN THE EVENT OF LITIGATION, A COPY OF THIS NOTE MAY BE FILED AS A WRITTEN CONSENT TO A TRIAL BY THE COURT. THIS PROVISION IS A MATERIAL INDUCEMENT TO LENDER TO ENTER INTO THE TRANSACTIONS CONTEMPLATED HEREBY AND BY THE LOAN DOCUMENTS. THIS PROVISION SHALL NOT IN ANY WAY AFFECT, WAIVE, LIMIT, AMEND OR MODIFY LENDER'S ABILITY TO PURSUE ITS REMEDIES AS SET FORTH IN THIS NOTE AND THE LOAN DOCUMENTS.

THIS NOTE AND THE OTHER LOAN DOCUMENTS REPRESENT THE FINAL AGREEMENT BETWEEN THE PARTIES AS TO THE OBLIGATIONS EVIDENCED HEREBY AND THEREBY AND MAY NOT BE CONTRADICTED BY EVIDENCE OF

AIC000230

PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

Executed as of the day and year first above written.

MAKER:

GREEN BOX NA GREEN BAY, LLC,
a Wisconsin limited liability company
By: ENVIRONMENTAL ADVANCED
RECLAMATION TECHNOLOGY HQ,
LLC, a Wisconsin limited liability company,
its Manager

By: _____
Name: Ronald Van Den Heuvel
Title: Chairman

Address of Maker:

2077B Lawrence Drive
De Pere, Wisconsin 54115

6

AIC000231