# Ex. A


COPY

(SPACE ABOVE THIS LINE FOR RECORDER'S USE)

This instrument prepared by
and after recording return to:
Michael L. Helt
Michael L. Helt, P.C.
1609 NW Rust Road
Grain Valley, Missouri 64029

Tax Parcel Number: WD-1042

## MORTGAGE AND SECURITY AGREEMENT

THIS MORTGAGE AND SECURITY AGREEMENT (the "Mortgage"), is made as of the 10th day of December, 2013 between GREEN BOX NA GREEN BAY, LLC, a Wisconsin limited liability company, 2077B Lawrence Drive, De Pere, Wisconsin 54115 ("Mortgagor") in favor of MAPLE BRIDGE FUNDING, LLC, a Wyoming limited liability company, 55 N Water Street, Ste. 3, South Norwalk, Connecticut 06854 ("Mortgagee").

WITNESSETH, That Mortgagor, in consideration of the indebtedness herein mentioned, does hereby grant, convey, mortgage and warrant unto Mortgagee forever, with power of sale and right of entry and possession, the following property (herein referred to as the "Property"):

A. The land in the County of Brown, State of Wisconsin described in Exhibit "A" attached hereto and incorporated herein (the "Land");

B. All easements, appurtenances, tenements and hereditaments belonging to or benefiting the Land, including, but not limited to, all waters, water rights, water courses, all ways, trees, rights, liberties and privileges;

1

C.     All improvements to the Land, including, but not limited to, all buildings, structures and improvements now existing or hereafter erected on the Land; all fixtures and equipment of every description belonging to Mortgagor which are or may be placed or used upon the Land or attached to the buildings, structures or improvements, including, but not limited to, all engines, boilers, elevators and machinery, all heating apparatus, electrical equipment, air conditioning and ventilating equipment, water and gas fixtures, and all furniture and easily removable equipment, all of which, to the extent permitted by applicable law, shall be deemed an accession to the freehold and part of the realty as between the parties hereto; and

D.     Mortgagor's interest in all articles of personal property of every kind and nature whatsoever, including, but not limited to, all carpeting, draperies, ranges, microwave ovens, refrigerators, dishwashers, dehumidification equipment, now or hereafter located upon the Land or in or on the buildings and improvements and now owned or leased or hereafter acquired or leased by Mortgagor.

Mortgagor agrees not to sell, transfer, assign or remove anything described in paragraphs B, C and D above now or hereafter located on the Land without prior written consent from Mortgagee unless (i) such action does not constitute a sale or removal of any buildings or structures or the sale or transfer of water or water rights and (ii) such action results in the substitution or replacement with similar items of equal value.

Without limiting the foregoing grants, Mortgagor hereby pledges to Mortgagee, and grants to Mortgagee, a security interest in, all of Mortgagor's present and hereafter acquired right, title and interest in and to the Property and any and all

E.     cash and other funds now or at any time hereafter deposited by or for Mortgagor on account of tax, special assessment, replacement or other reserves required to be maintained pursuant to the Loan Documents (as hereinafter defined) with Mortgagee or a third party, or otherwise deposited with, or in the possession of, Mortgagee pursuant to the Loan Documents;

F.     surveys, soils reports, environmental reports, guaranties, warranties, architect's contracts, construction contracts, drawings and specifications, applications, permits, surety bonds and other contracts relating to the acquisition, design, development, construction and operation of the Property;

G.     accounts, chattel paper, deposit accounts, instruments, equipment, inventory, documents, general intangibles, letter-of-credit rights, investment property and all other personal property of Mortgagor, in each case, to the extent associated with or arising from the ownership, development, operation, use or disposition of any portion of the Property; and

AIC000004

H.  present and future rights to condemnation awards, insurance proceeds or other proceeds at any time payable to or received by Mortgagor on account of the Property or any of the foregoing personal property.

All personal property hereinabove described is hereinafter referred to as the "Personal Property".

If any of the Property is of a nature that a security interest therein can be perfected under the Uniform Commercial Code, this Mortgage shall constitute a security agreement and financing statement if permitted by applicable law and Mortgagor authorizes Mortgagee to file a financing statement describing such Property and, at Mortgagee's request, agrees to join with Mortgagee in the execution of any financing statements and to execute any other instruments that may be necessary or desirable, in Mortgagee's determination, for the perfection or renewal of such security interest under the Uniform Commercial Code.

TO HAVE AND TO HOLD the same unto Mortgagee for the purpose of securing

A.  Payment to the order of Mortgagee of the indebtedness evidenced by that certain promissory note of even date herewith (and any restatement, extension or renewal thereof and any amendment thereto) executed by Mortgagor to Mortgagee in the principal sum of Seven Million One Hundred Fifty Thousand and 00/100 Dollars ($7,150,000.00), with full maturity no later than June 1, 2015 and with interest as therein expressed (which promissory note, as such instrument may be amended, restated, renewed and extended, is hereafter referred to as the "Note"), it being recognized the funds may not have been fully advanced as of the date hereof, but may be advanced in the future in accordance with the terms of a written contract;

B.  Payment of all sums that may become due Mortgagee under the provisions of, and the performance of each agreement of Mortgagor contained in, the Loan Documents

"Loan Documents" means this Mortgage, the Note, that certain Absolute Assignment of Leases and Rents of even date herewith from Mortgagor to Mortgagee, the Conditional Commitment Letter dated November 10, 2013 from Mortgagee to Mortgagor and accepted by Mortgagor on November 12, 2013, that certain Certification of even date herewith from Mortgagor to Mortgagee and any other supplements and authorizations required by Mortgagee and any other agreement entered into or document executed by Mortgagor and delivered to Mortgagee in conjunction with the transaction contemplated hereby, except for that certain Environmental Indemnity Agreement of even date herewith given by Mortgagor and Ronald H. Van Den Heuvel to Mortgagee, as the same now exist or may hereafter be amended, modified, supplemented, extended, renewed, restated or replaced.

AIC000005

PROVIDED, HOWEVER, that if and when Mortgagor has paid all of the indebtedness evidenced by the Note and performed and observed all of the agreements, terms, conditions, provisions, and warranties relating to the Loan Documents, this Mortgage and the estate, right, and interest of Mortgagee in and to the Property shall cease and be released at the cost of Mortgagor, but otherwise, shall remain in full force and effect. Mortgagee shall be entitled to charge a reasonable release fee.

TO PROTECT THE SECURITY OF THIS MORTGAGE, MORTGAGOR COVENANTS AND AGREES:

**Payment of Debt**. Mortgagor agrees to pay the indebtedness hereby secured (the "Indebtedness") promptly and in full compliance with the terms of the Loan Documents.

**Ownership**. Mortgagor represents that it owns the Property and has good and lawful right to convey the same and that the Property is free and clear from any and all encumbrances whatsoever, except as appears in the title evidence accepted by Mortgagee. Mortgagor does hereby forever warrant and shall forever defend the title and possession thereof against the lawful claims of any and all persons whomsoever.

**Use of Chlorinated Solvents**. Mortgagor agrees not to allow the use or storage of chlorinated solvents on the Property. Notwithstanding the foregoing, over-the-counter products in household quantities are excepted from this prohibition.

**Business Restriction Representation and Warranty**. Mortgagor represents and warrants Mortgagor, all persons and entities owning (directly or indirectly) an ownership interest in Mortgagor, all guarantors of all or any portion of the Indebtedness, and all persons and entities executing any separate indemnity agreement in favor of Mortgagee in connection with the Indebtedness: (i) is not, and shall not become, a person or entity with whom Mortgagee is restricted from doing business under regulations of the Office of Foreign Assets Control ("OFAC") of the Department of the Treasury (including, but not limited to, those named on OFAC's Specially Designated Nationals and Blocked Persons list) or under any statute, executive order (including, but not limited to, the September 24, 2001 Executive Order Blocking Property and Prohibiting Transactions With Persons Who Commit, Threaten to Commit, or Support Terrorism), or other governmental action; (ii) is not, and shall not become, a person or entity with whom Mortgagee is restricted from doing business under the International Money Laundering Abatement and Financial Anti-Terrorism Act of 2001 or the regulations or orders thereunder; and (iii) is not knowingly engaged in, and shall not knowingly engage in, any dealings or transaction or be otherwise associated with such person or entities described in (i) or (ii) above.

**Maintenance of Property and Compliance with Laws**. Mortgagor agrees to keep the buildings and other improvements now or hereafter erected on the Land in good condition and repair; not to commit or suffer any waste; to comply with all laws, rules and regulations affecting the Property; and to permit Mortgagee to enter at all reasonable times for the purpose of inspecting and of conducting, in a reasonable and proper manner, such tests as

AIC000006

Mortgagee determines to be necessary in order to monitor Mortgagor's compliance with applicable laws and regulations regarding hazardous materials affecting the Property.

**Insurance**. Mortgagor agrees to keep the Property insured for the protection of Mortgagee in such manner, in such amounts and in such companies as Mortgagee may from time to time approve, and to keep the policies therefor, properly endorsed, on deposit with Mortgagee, or at Mortgagee's option, to keep evidence of insurance acceptable to Mortgagee evidencing all insurance coverages required hereunder on deposit with Mortgagee, which evidence shall reflect at least thirty (30) days' notice of cancellation to Mortgagee and shall list Mortgagee as the certificate holder or as a similar additional interest with Mortgagee's correct mailing address; if Mortgagor requests Mortgagee to accept a different form of evidence of insurance, Mortgagee shall not unreasonably withhold its consent, provided, a copy of a standard mortgagee endorsement in favor of Mortgagee stating the insurer shall provide at least thirty (30) days' notice of cancellation to Mortgagee accompanies such evidence. Mortgagor shall furnish Mortgagee with renewals of all applicable insurance evidence no later than the actual expiration date.

If the Property shall be damaged or destroyed, in whole or in part, by fire or other casualty, Mortgagor shall give prompt written notice thereof to Mortgagee. Following the occurrence of a casualty, Mortgagor, regardless of whether sufficient insurance proceeds are available, shall promptly proceed to restore, repair, replace or rebuild the improvements on the Property to be of at least equal value and of substantially the same character as prior to such damage or destruction, all to be effected in accordance with applicable law; provided, however, that Mortgagee shall permit Mortgagor to apply all such available insurance loss proceeds (less expenses of collection) to the restoration of the Property unless there is an Event of Default (as hereinafter defined) under the Loan Documents in which case Mortgagee shall not be obligated to permit Mortgagor to apply all such available insurance loss proceeds to the restoration of the Property. All insurance loss proceeds (less expenses of collection) shall, at Mortgagee's option, be applied on the Indebtedness, whether due or not, or to the restoration of the Property, or be released to Mortgagor, but such application or release shall not cure or waive any default under any of the Loan Documents. If Mortgagee elects to apply the insurance loss proceeds on the Indebtedness, no prepayment fee, if any, shall be due thereon.

Notwithstanding the foregoing provision, Mortgagee agrees if the amount necessary to restore the Property to its condition prior to the casualty is less than Four Million Dollars ($4,000,000.00), then the insurance loss proceeds shall be applied to the restoration of the Property, subject to satisfaction of the following conditions:

(i) There is no existing Event of Default at the time of casualty;

(ii) The casualty insurer has not denied liability for payment of insurance loss proceeds to Mortgagor as a result of any act, neglect, use or occupancy of the Property by Mortgagor or any tenant of the Property;

(iii) Mortgagee shall be satisfied all insurance loss proceeds so held, together with supplemental funds to be made available by Mortgagor, shall be

AIC000007

     sufficient to complete the restoration of the Property (any remaining insurance loss proceeds may, at the option of Mortgagee, be applied on the Indebtedness, whether or not due, or be released to Mortgagor);

(iv) If required by Mortgagee, Mortgagee shall be furnished a satisfactory report addressed to Mortgagee from an environmental engineer or other qualified professional satisfactory to Mortgagee to the effect no adverse environmental impact to the Property resulted from the casualty;

(v) Mortgagee shall release insurance loss proceeds as restoration of the Property progresses provided Mortgagee is furnished satisfactory evidence of the costs of restoration and if, at the time of such release, no Event of Default shall then exist with respect to which Mortgagee shall have given Mortgagor notice pursuant to the "**Notice of Default**" provision herein. If an Event of Default shall then exist, Mortgagee shall have no further obligation to release insurance loss proceeds hereunder unless such default is cured within the cure period set forth in the "**Notice of Default**" provision contained herein. If the estimated cost of restoration exceeds Two Hundred Fifty Thousand Dollars ($250,000.00), then (a) the drawings and specifications for the restoration shall be approved by Mortgagee in writing prior to commencement of the restoration, and (b) Mortgagee shall receive an administration fee equal to one-half of one percent (1/2%) of the cost of restoration;

(vi) Prior to each release of funds, Mortgagor shall obtain for the benefit of Mortgagee an endorsement to Mortgagee's title insurance policy insuring Mortgagee's lien as a first and valid lien on the Property subject only to liens and encumbrances theretofore approved by Mortgagee;

(vii) Mortgagor shall pay all costs and expenses incurred by Mortgagee, including, but not limited to, outside legal fees, title insurance costs, third-party disbursement fees, third-party engineering reports and inspections deemed necessary by Mortgagee;

(viii) All reciprocal easement and operating agreements benefiting the Property, if any, shall remain in full force and effect between the parties thereto on and after restoration of the Property; and

(ix) Mortgagee shall be satisfied, in its sole discretion, the Property can be repaired to its condition immediately prior to the casualty.

**Condemnation**. Mortgagor hereby assigns to Mortgagee (i) any award and any other proceeds resulting from damage to, or the taking of, all or any portion of the Property in connection with condemnation proceedings or the exercise of a power of eminent domain and (ii) the proceeds from any sale or transfer in lieu thereof. Any award or any other proceeds (less expenses of collection) received by Mortgagee as a result of such taking shall, at Mortgagee's option, be applied on the Indebtedness, whether due or not, or to the

AIC000008

restoration and rebuilding of the Property, or be released to Mortgagor, but such application or release shall not cure or waive any default under any of the Loan Documents. If Mortgagee elects to apply the award or other proceeds on the Indebtedness, no prepayment privilege fee, if any, shall be due thereon.

**Taxes and Special Assessments.** Mortgagor agrees to pay before delinquency all taxes and special assessments of any kind that have been or may be levied or assessed against the Property, this Mortgage, the Note or the Indebtedness, or upon the interest of Mortgagee in the Property, this Mortgage, the Note or the Indebtedness, and to procure and deliver to Mortgagee, within thirty (30) days after Mortgagee shall have given a written request therefor to Mortgagor, the official receipt of the proper officer showing timely payment of all such taxes and assessments; provided, however, that Mortgagor shall not be required to pay any such taxes or special assessments if the amount, applicability or validity thereof shall currently be contested in good faith by appropriate proceedings and funds sufficient to satisfy the contested amount have been deposited in an escrow satisfactory to Mortgagee.

**Personal Property.**

With respect to the Personal Property, Mortgagor hereby represents, warrants and covenants as follows:

A. Except for the security interest granted hereby, Mortgagor is, and as to portions of the Personal Property to be acquired after the date hereof will be, the sole owner of the Personal Property, free from any lien, security interest, encumbrance or adverse claim thereon of any kind whatsoever. Mortgagor shall notify Mortgagee of, and shall indemnify and defend Mortgagee and the Personal Property against, all claims and demands of all persons at any time claiming the Personal Property or any part thereof or any interest therein.

B. Except as otherwise provided above, Mortgagor shall not lease, sell, convey or in any manner transfer the Personal Property without the prior consent of Mortgagee.

C. Mortgagor is a limited liability company organized under the laws of the State of Wisconsin. Until the Indebtedness is paid in full, Mortgagor (i) shall not change its legal name without providing Mortgagee with thirty (30) days' prior written notice; (ii) shall not change its state of organization; and (iii) shall preserve its existence and shall not, in one transaction or a series of transactions, merge into or consolidate with any other entity.

D. At the request of Mortgagee, Mortgagor shall join Mortgagee in executing one or more financing statements and continuations and amendments thereof pursuant to the Uniform Commercial Code of the jurisdiction in which the Property is located in form satisfactory to Mortgagee, and Mortgagor shall pay the cost of filing the same in all public offices wherever

AIC000009

filing is deemed by Mortgagee to be necessary or desirable. Mortgagor shall also, at Mortgagor's expense, take any and all other action requested by Mortgagee to perfect Mortgagee's security interest under the Uniform Commercial Code with respect to the Personal Property, including, without limitation, exercising Mortgagor's best efforts to obtain any consents, agreements or acknowledgments required of third parties to perfect Mortgagee's security interest in Personal Property consisting of deposit accounts, letter-of-credit rights, investment property and electronic chattel paper.

**Other Liens**. Mortgagor agrees to keep the Property and any Personal Property free from all other liens either prior or subsequent to the lien created by this Mortgage. The (i) creation of any other lien on any portion of the Property or on any Personal Property, whether or not prior to the lien created hereby, (ii) assignment or pledge by Mortgagor of its revocable license to collect, use and enjoy rents and profits from the Property, or (iii) granting or permitting of a security interest in or other encumbrance on the direct or indirect ownership interests in Mortgagor, shall constitute a default under the terms of this Mortgage.

**Indemnification, Duty to Defend and Costs, Fees and Expenses**. In addition to any other indemnities contained in the Loan Documents, Mortgagor shall indemnify, defend and hold Mortgagee harmless from and against any and all losses, liabilities, claims, demands, damages, costs and expenses (including, but not limited to, costs of title evidence and endorsements to Mortgagee's title insurance policy with respect to the Property and reasonable attorneys' fees and other costs of defense) which may be imposed upon, incurred by or asserted against Mortgagee, whether or not any legal proceeding is commenced with regard thereto, in connection with: (i) the enforcement of any of Mortgagee's rights or powers under the Loan Documents; (ii) the interpretation of any of the terms and conditions of the Loan Documents; (iii) the protection of Mortgagee's interest in the Property; or (iv) any accident, injury to or death of persons or loss of or damage to property occurring in, on or about the Property or on any sidewalk, curb, parking area, space or street located adjacent thereto. If any claim or demand is made or asserted against Mortgagee by reason of any event as to which Mortgagor is obligated to indemnify or defend Mortgagee, then, upon demand by Mortgagee, Mortgagor, at Mortgagor's sole cost and expense, shall defend such claim, action or proceeding in Mortgagee's name, if necessary, by such attorneys as Mortgagee shall approve. Notwithstanding the foregoing, Mortgagee may, in Mortgagee's sole discretion, engage its own attorneys to defend it or assist in its defense and Mortgagor shall pay the reasonable fees and disbursements of such attorneys.

**Failure of Mortgagor to Act**. If Mortgagor fails to make any payment or do any act as herein provided, Mortgagee may, without obligation to do so, without notice to or demand upon Mortgagor and without releasing Mortgagor from any obligation hereof: (i) make or do the same in such manner and to such extent as Mortgagee may deem necessary to protect the security hereof, Mortgagee being authorized to enter upon the Property for such purpose; (ii) to appear in and defend any action or proceeding purporting to affect the

AIC000010

security hereof, or the rights or powers of Mortgagee; (iii) pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of Mortgagee appears to be prior or superior hereto; and (iv) in exercising any such powers, pay necessary expenses, employ counsel and pay its reasonable fees. Sums so expended and all losses, liabilities, claims, damages, costs and expenses required to be reimbursed by Mortgagor to Mortgagee hereunder shall be payable by Mortgagor immediately upon demand with interest from the date of expenditure or demand, as the case may be, at the Default Rate (as defined in the Note). All sums so expended by Mortgagee and the interest thereon shall be included in the Indebtedness and secured by the lien of this Mortgage.

**Event of Default.** Any default by Mortgagor in making any required payment of the Indebtedness or any default in any provision, covenant, agreement, warranty or certification contained in any of the Loan Documents shall, except as provided in the two (2) immediately succeeding paragraphs, constitute an "Event of Default".

**Notice of Default.** A default in any payment required in the Note or any other Loan Document, whether or not payable to Mortgagee (a "Monetary Default") shall not constitute an Event of Default unless Mortgagee shall have given a written notice of such Monetary Default to Mortgagor and Mortgagor shall not have cured such Monetary Default by payment of all amounts in default (including payment of interest at the Default Rate, as defined in the Note, from the date of default to the date of cure on amounts owed to Mortgagee) within five (5) business days after the date on which Mortgagee shall have given such notice to Mortgagor.

Any other default under the Note or under any other Loan Document (a "Non-Monetary Default") shall not constitute an Event of Default unless Mortgagee shall have given a written notice of such Non-Monetary Default to Mortgagor and Mortgagor shall not have cured such Non-Monetary Default within thirty (30) days after the date on which Mortgagee shall have given such notice of default to Mortgagor (or if the Non-Monetary Default is not curable within such 30-day period, Mortgagor shall not have diligently undertaken and continued to pursue the curing of such Non-Monetary Default and deposited an amount sufficient to cure such Non-Monetary Default in an escrow account satisfactory to Mortgagee).

In no event shall the notice and cure period provisions recited above constitute a grace period for the purpose of commencing interest at the Default Rate (as defined in the Note).

**Appointment of Receiver.** Upon commencement of any proceeding to enforce any right under this Mortgage, including foreclosure thereof, Mortgagee (without limitation or restriction by any present or future law, without regard to the solvency or insolvency at that time of any party liable for the payment of the Indebtedness, without regard to the then value of the Property, whether or not there exists a threat of imminent harm, waste or loss to the Property and whether the same shall then be occupied by the owner of the equity of redemption as a homestead) shall have the absolute right to the appointment of a receiver of the Property and of the revenues, rents, profits and other income therefrom, and said

AIC000011

receiver shall have (in addition to such other powers as the court making such appointment may confer) full power to collect all such income and, after paying all necessary expenses of such receivership and of the operation, maintenance and repair of said Property, to apply the balance to the payment of any of the Indebtedness then due.

**Foreclosure.** Upon the occurrence of an Event of Default, the entire unpaid Indebtedness shall, at the option of Mortgagee, become immediately due and payable for all purposes without any notice or demand, except as required by law, (ALL OTHER NOTICE OF THE EXERCISE OF SUCH OPTION, OR THE INTENT TO EXERCISE SUCH OPTION, BEING HEREBY EXPRESSLY WAIVED), and Mortgagee may, in addition to exercising any rights it may have with respect to the Personal Property under the Uniform Commercial Code of the jurisdiction in which the Property is located, institute proceedings in any court of competent jurisdiction to foreclose this Mortgage as a mortgage, or to enforce any of the covenants hereof, or Mortgagee may, to the extent permitted by applicable law, either personally or by agent or attorney in fact, enter upon and take possession of the Property and may manage, rent or lease the Property or any portion thereof upon such terms as Mortgagee may deem expedient, and collect, receive and receipt for all rentals or other income therefrom and apply the sums so received as hereinafter provided in case of sale. Mortgagee is hereby further authorized and empowered to the extent permitted by applicable law, as agent or attorney in fact, either after or without such entry, to sell and dispose of the Property en masse or in separate parcels (as Mortgagee may think best), and all the right, title and interest of Mortgagor therein, by advertisement or in any manner provided by applicable law, (MORTAGOR HEREBY EXPRESSLY WAIVES ANY RIGHT TO A HEARING PRIOR TO SUCH SALE TO THE EXTENT PERMITTED BY APPLICABLE LAW), and to issue, execute and deliver a deed of conveyance, all as then may be provided by applicable law; and Mortgagee, to the extent permitted by applicable law, shall, out of the proceeds or avails of such sale, after first paying and retaining all fees, charges, costs of advertising the Property and of making said sale, and attorneys' fees as herein provided, apply such proceeds to the Indebtedness, including all sums advanced or expended by Mortgagee or the legal holder of the Indebtedness, with interest from the date of advance or expenditure at the Default Rate (as defined in the Note), rendering the excess, if any, as provided by law; such sale or sales and said deed or deeds so made shall be a perpetual bar, both in law and equity, against Mortgagor, the heirs, successors and assigns of Mortgagor, and all persons claiming the Property aforesaid, or any part thereof, by, from, through or under Mortgagor. The legal holder of the Indebtedness may purchase the Property or any part thereof, and it shall not be obligatory upon any purchaser at any such sale to see to the application of the purchase money. Mortgagor agrees in the event of the foreclosure of this Mortgage, Mortgagor will be bound by the applicable provisions of Sections 846.101, 846.102 and 846.103 of the Wisconsin Statutes or any similar successor statute.

**Prohibition on Transfer.** The present ownership and management of the Property is a material consideration to Mortgagee in making the loan secured by this Mortgage, and Mortgagor shall not (i) convey title to all or part of the Property; (ii) enter into any contract to convey (land contract/installment sales contract/contract for deed) title to all or any part of the Property which gives a purchaser possession of, or income from, the Property prior

to a transfer of title to all or any part of the Property ("Contract to Convey"); or (iii) cause or permit a Change in the Proportionate Ownership (as hereinafter defined) of Mortgagor. Any such conveyance, entering into a Contract to Convey or Change in Proportionate Ownership of Mortgagor shall constitute a default under the terms of this Mortgage.

"Change in Proportionate Ownership" means in the case of a limited liability company, a change in, or the existence of a lien on, the direct or indirect ownership of the limited liability company interests of Mortgagor; any transfer of direct or indirect ownership interest of Mortgagor; or any change in the manager of Mortgagor which has not been pre-approved by Mortgagee.

Notwithstanding the foregoing provision, a Change in Proportionate Ownership shall not be deemed to have occurred provided Environmental Advanced Reclamation Technology HQ, LLC, RVDH Development, LLC, Glen Arbor, LLC and/or AKS Green, LLC continue to own a controlling interest in Mortgagor which, for purposes hereof, shall constitute ownership of more than eighty percent (80%) of the membership interests of Mortgagor in the aggregate.

**Financial Statements**. Mortgagor shall furnish to Mortgagee:

(i) an unaudited income statement and balance sheet for Mortgagor as of the last day of Mortgagor's most recently closed fiscal year within forty-five (45) days following the close of such fiscal year;

(ii) an unaudited income statement and balance sheet for Mortgagor as of the last day of Mortgagor's most recently closed fiscal quarter within thirty (30) days following the close of such quarter;

(iii) a copy of Mortgagor's federal income tax return filed with the Internal Revenue Service within ten (10) days following the filing of such return;

(iv) a copy of any extension filed with the Internal Revenue Service for Mortgagor's federal income tax return within ten (10) days following the filing of such extension;

(v) Mortgagor shall further cause to be provided to Mortgagee a financial statement for any guarantor of the Indebtedness within thirty (30) days following request by Mortgagee; and

(vi) such other reasonable financial and management information in the possession of, or accessible to, Mortgagor which Mortgagee determines to be useful in Mortgagee's monitoring the value and condition of the Property, Mortgagor or any guarantor.

**Property Management**. Any management company for the Property shall be satisfactory to Mortgagee. Any change in the management company without the prior written consent

AIC000013

of Mortgagee, which shall not be unreasonably withheld, shall constitute a default under this Mortgage.

**Compliance With Water Regulations**. Mortgagor agrees to abide by all the statutes of the jurisdiction in which the Property is located and the rules and regulations of any and all federal, state and local authority having jurisdiction over the use and distribution of water or water resources, and shall not transfer, sell, assign or relinquish the water rights now held or hereafter acquired covering the Property without the written consent of Mortgagee.

**Deposits by Mortgagor**. To assure the timely payment of real estate taxes and special assessments (including personal property taxes, if appropriate), upon the occurrence of an Event of Default, Mortgagee shall thence forth have the option to require Mortgagor to deposit funds with Mortgagee, in monthly or other periodic installments in amounts estimated by Mortgagee from time to time sufficient to pay real estate taxes and special assessments as they become due. If at any time the funds so held by Mortgagee shall be insufficient to pay any of said expenses, Mortgagor shall, upon receipt of notice thereof, immediately deposit such additional funds as may be necessary to remove the deficiency. All funds so deposited shall be irrevocably appropriated to Mortgagee to be applied to the payment of such real estate taxes and special assessments and, at the option of Mortgagee after an Event of Default, the Indebtedness.

**Modification of Terms**. Without affecting the liability of Mortgagor or any other person (except any person expressly released in writing) for payment of the Indebtedness or the performance of any obligation contained herein and without affecting the rights of Mortgagee with respect to any security not expressly released in writing, Mortgagee may, at any time and from time to time, either before or after the maturity of the Note, without notice or consent: (i) release any person liable for payment of all or any part of the Indebtedness or for performance of any obligation; (ii) make any agreement extending the time or otherwise altering the terms of payment of all or any part of the Indebtedness, or modifying or waiving any obligation, or subordinating, modifying or otherwise dealing with the lien or charge hereof; (iii) exercise or refrain from exercising or waive any right Mortgagee may have; (iv) accept additional security of any kind; (v) release or otherwise deal with any property, real or personal, securing the Indebtedness, including all or any part of the Property.

**Exercise of Option**. Whenever, by the terms of this Mortgage, of the Note or any of the other Loan Documents, Mortgagee is given any option, such option may be exercised when the right accrues or at any time thereafter, and no acceptance by Mortgagee of payment of Indebtedness in default shall constitute a waiver of any default then existing and continuing or thereafter occurring.

**Nature and Succession of Agreement**. Each of the provisions, covenants and agreements contained herein shall inure to the benefit of, and be binding on, the heirs, executors, administrators, successors, grantees, and assigns of the parties hereto, respectively, and the term "Mortgagee" shall include the owner and holder of the Note.

AIC000014

**Legal Enforceability**. No provision of this Mortgage, the Note or any other Loan Document shall require the payment of interest or other obligation in excess of the maximum permitted by law. If any applicable state law or applicable United States federal law (to the extent that it permits Mortgagee to contract for, charge, take, reserve or receive a greater amount of interest than under state law) is ever judicially interpreted so as to render usurious any amount called for under this Mortgage, the Note or under any other Loan Document, or contracted for, charged, taken, reserved or received with respect to the Indebtedness secured by this Mortgage and evidenced by the Note or any other Loan Document, or if Mortgagee's exercise of the option to accelerate the maturity of the Note, or if any prepayment by Mortgagor results in Mortgagor having paid any interest in excess of that permitted by applicable law, then all excess amounts theretofore collected by Mortgagee shall be credited on the principal balance of the Note (or, if the Note has been or would thereby be paid in full, refunded to Mortgagor), and the provisions of this Mortgage, the Note and the other Loan Documents shall immediately be deemed reformed and the amounts thereafter collectible reduced, without the necessity of the execution of any new document, so as to comply with applicable law, but so as to permit the recovery of the fullest amount otherwise called for hereunder and thereunder. All sums paid or agreed to be paid to Mortgagee for the use, forbearance and detention of the Indebtedness secured by this Mortgage and evidenced by the Note and the Loan Documents shall, to the extent permitted by applicable law, be amortized, prorated, allocated and spread throughout the full term of such Indebtedness until payment in full so that the rate or amount of interest on account of such Indebtedness does not exceed the maximum rate permitted under applicable law from time to time in effect and applicable to the Indebtedness secured by this Mortgage and evidenced by the Note for so long as such Indebtedness remains outstanding. Notwithstanding anything to the contrary contained in this Mortgage, the Note or the Loan Documents, it is not the intention of Mortgagee to accelerate the maturity of any interest that has not accrued at the time of such acceleration or to collect unearned interest at the time of such acceleration.

**Limitation of Liability**. Notwithstanding any provision contained herein to the contrary, the personal liability of Mortgagor shall be limited as prescribed in the Note.

**Further Assurances**. Mortgagor will keep the lien of this Mortgage valid and unimpaired. Mortgagor will promptly (and in no event later than thirty (30) days after written notice from Mortgagee is received) cure any defects in the creation, execution and delivery of this Mortgage and the other Loan Documents. Mortgagor at its expense will promptly execute and deliver to Mortgagee upon request all such other and further documents, agreements and instruments in compliance with or accomplishment of the covenants and agreements of Mortgagor in this Mortgage and the other Loan Documents or to further evidence and more fully describe the Property or more fully state the security obligations set out herein, or to perfect, protect or preserve any liens created pursuant to this Mortgage, or to make any recordings, to file any notices, or obtain any consents as may be necessary or appropriate in connection with the transactions contemplated by this Mortgage.

AIC000015

**Miscellaneous**. Time is of the essence in each of the Loan Documents. The remedies of Mortgagee as provided herein or in any other Loan Document or at law or in equity shall be cumulative and concurrent, and may be pursued singly, successively, or together at the sole discretion of Mortgagee, and may be exercised as often as occasion therefor shall occur; and neither the failure to exercise any such right or remedy nor any acceptance by Mortgagee of payment of Indebtedness in default shall in any event be construed as a waiver or release of any right or remedy. Neither this Mortgage nor any other Loan Document may be modified or terminated orally but only by agreement or discharge in writing and signed by Mortgagor and Mortgagee. If any of the provisions of any Loan Document or the application thereof to any persons or circumstances shall to any extent be invalid or unenforceable, the remainder of such Loan Document and each of the other Loan Documents and the application of such provision or provisions to persons or circumstances other than those as to whom or which it is held invalid or unenforceable, shall not be affected thereby, and every provision of each of the Loan Documents shall be valid and enforceable to the fullest extent permitted by law.

**Notice**. Any notice required or provided for herein shall be in writing and shall be delivered personally or sent by certified mail or reputable courier service with charges prepaid, to the address for Mortgagor and Mortgagee set forth on the first page of this Mortgage or at such other address as either Mortgagor or Mortgagee shall designate by written notice as provided in this paragraph. Notice shall be deemed given on the date received. Any notice which is rejected, the acceptance of which is refused or which is incapable of being delivered during normal business hours at the address provided herein or such other address designated pursuant hereto shall be deemed received as of the date of the attempted delivery.

**Waiver of Jury Trial**. Mortgagor hereby waives any right to trial by jury with respect to any action or proceeding (i) brought by Mortgagor, Mortgagee or any other person relating (a) the obligations secured hereby and/or any understandings or prior dealings between the parties hereto or (b) the Loan Documents or the Environmental Indemnity Agreement, or (ii) to which Mortgagee is a party.

**Captions**. The captions contained herein are for convenience and reference only and in no way define, limit or describe the scope or intent of, or in any way affect this Mortgage.

**Governing Law**. This Mortgage, the interpretation hereof and the rights, obligations, duties and liabilities hereunder shall be governed and controlled by the laws of the State of Wisconsin.

[Remainder of this Page Left Intentionally Blank.]

AIC000016