Ex. G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ABILITY INSURANCE COMPANY,<br><br>                              Plaintiff,<br><br>         v.<br><br>ST PAPER, LLC<br><br>                              Defendant. | Civil Action No.:  1:20-cv-03851 (GBD) |

**PLAINTIFF'S RULE 26(a)(1) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Ability Insurance Company ("Ability") makes the following initial disclosures based on Ability's knowledge as of December 2, 2020.  All capitalized terms not explicitly defined have the same meaning ascribed to them as in Plaintiff's Complaint.

  **A.**  **Individuals Likely to Have Discoverable Information**

The following individuals are likely to have discoverable information that Ability may use to support its claims in this matter.

    1.  David Charsky, Treasurer, Ability Insurance Company.  Mr. Charsky is a custodian of records for Ability Insurance Company may have discoverable information regarding the assignment of the assignment of Note 1 to Ability, Ability's possession of Note 1, and amounts due to Ability under Note 1.  Mr. Charsky may be contacted through the undersigned counsel.

    2.  Tim O'Shea, Managing Director, Topwater Investment Management, LLC.  Mr. O'Shea may have discoverable information regarding the assignment of Note 1 to

Ability, Ability's possession of Note 1, and amounts due to Ability under Note 1. Mr. O'Shea may be contacted through the undersigned counsel.

3. Bruce Mendelsohn, Goldman Sachs Capital Partners. Based upon Defendant's responses to Plaintiff's First Set of Interrogatories, Ability understands that Mr. Mendelsohn is a current or former employee of Goldman Sachs Capital Partners, and that he was the lead negotiator of the Subordination Agreement. As such, he is likely to have discoverable information about those negotiations and the Parties' understanding of the Subordination Agreement's terms, including terms related to permitted refinancing. Ability lacks contact information for Mr. Mendelsohn at this time.

4. Steven Peters. Based upon Defendant's responses to Plaintiff's First Set of Interrogatories, Ability understands that Mr. Peters is a current or former employee of OFTI who participated on OFTI's behalf in the negotiations relating to Note 1 and other similarly situated notes. As such, he may have discoverable information about those negotiations and the terms of the notes themselves.

5. Ronald Van Den Heuvel. Ability understands that Mr. Van Den Heuvel is the former owner of OFTI, and based on Defendant's responses to Plaintiff's Interrogatories, may have discoverable knowledge concerning, among other things, the negotiations surrounding Note 1 (and the three similarly situated notes), and the negotiation of the Subordination Agreement. At this time, Ability lacks contact information for Mr. Van Den Heuvel, though counsel for Defendant advises that he is in federal prison.

6. Edward Kolasinski, Chief Operating Officer of Partners Concept Development, Inc. may have discoverable knowledge concerning, among other things, the

negotiations surrounding Note 1 (and the three similarly situated notes), and the negotiation of the Subordination Agreement.

       7.      Daniel Platkowski, 4700 Creek Valley Lane, Oneida, Wisconsin, may have discoverable knowledge concerning ST Note's claims concerning a set-off related to amounts due and owing on Note 1.

In addition to the foregoing, Ability identifies all the individuals identified in Defendant's Initial Disclosures, including Sharad Tak, and any individual whose deposition transcript from the Wisconsin Action (defined below) was disclosed as part of Defendant's Responses to Plaintiff's First Requests for the Production of Documents.

**B.**    **Documents, Electronically Stored Information, and Other Tangible Things**

Ability identifies the following categories of documents within their custody or control which Ability may use to support its claims:

       1.      Note 1 and the documents evidencing the assignment of Note 1 from OFTI and ultimately to Ability.[1]

       2.      Certain pleadings in the matter of *Oconto Falls Tissue, Inc. v. ST Paper, LLC*, Case No. 17 CV 104 (Oconto Cty., Wis. filed June 1, 2017) ("Wisconsin Action") that address the assignment of Note 1 to Ability.

       3.      All documents produced by Defendant ST Paper LLC in response to Ability's First Request for the Production of Documents.

---

[1] Certain documents evidencing the assignment of Note 1 to Ability were attached as Exhibits 2-7 to the Complaint.

Ability has not completed its investigation of the facts, and if necessary, will supplement these disclosures under Rule 26(e) by identifying any additional documents or categories of documents that Ability may use to support its claims in this action.

### C. Computation of Damages

As set forth in the Complaint, Ability seeks recovery of the $8,000,000 principal due under Note 1 as well as all interest due under the terms of the Note that has accrued at a rate of 7.5% per year. As of December 1, 2020, Ability estimates that amount due and owing on Note 1 is as follows:

| | |
|---|---|
| Principal | $8,000,000 |
| Interest (7.5% per annum) | $13,451,351 |
| Total as of December 1 | $21,451,351 |

### D. Insurance Agreement

Not applicable.

\*     \*     \*

By making these disclosures, Ability does not concede that the testimony of any individual identified above, any document or category of documents identified above, or any other information is discoverable, non-privileged, or admissible. Ability also does not waive any claim, defense or privilege including the attorney-client privilege, work product protection, or any other privilege; as well as the right to object to discovery requests that seek material outside the scope of the Federal Rules of Civil Procedure. Finally, discovery in this action is ongoing and Ability reserves its right to supplement these disclosures as necessary.

[remainder of page intentionally left blank]

-5-

December 2, 2020

/s Angelo A. Stio, III
TROUTMAN PEPPER HAMILTON
SANDERS LLP
The New York Times Building
620 Eighth Avenue, 37th Floor
New York, NY  10018-1405
Angelo.Stio@Troutman.com
(212) 808-2700

-and-

301 Carnegie Center, Suite 400
Princeton, NJ 08543-5276
(609) 951-4125

*Attorneys for Ability Insurance Company*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 2nd day of December 2020, true and correct copies of Plaintiff's Rule 26(a)(1) Initial Disclosures were served upon counsel of record via email and first class mail as follows:

      Jonathan T. Smies
      GODFREY & KAHN, S.C.
      200 South Washington St.
      Suite 100
      Green Bay, WI 54301-4298
      Tel.: 902.436.7667
      jsmies@gklaw.com

      Carl F. Regelmann
      TANNENBAUM HELPERN
      SYRACUSE & HIRSCHTRITT LLP
      900 Third Avenue
      New York, New York 10022
      Tel.: 212.508.6700
      regelmann@thsh.com

      /s/ *Frank H. Griffin, IV*
      Frank H. Griffin, IV