UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ABILITY INSURANCE COMPANY,

                                    Plaintiff,

            v.                                        Civil Action No.:  1:20-cv-03851 (GBD)

ST PAPER, LLC

                                    Defendant.

**DECLARATION OF TIM O'SHEA  IN SUPPORT OF PLAINTIFF ABILITY INSURANCE COMPANY'S OPPOSITION TO DEFENDANT ST PAPER'S MOTION FOR SUMMARY JUDGMENT**

TIM O'SHEA hereby declares, pursuant to 28 U.S.C. § 1746 as follows:

1.      I am a representative of Monroe Capital, LLC ("Monroe"), an asset management firm headquartered in South Norwalk, Connecticut.  I am fully familiar with the facts and circumstances discussed below.

2.      I make this declaration in support of Ability Insurance Company's ("Ability") Opposition to Defendant ST Paper's Motion for Summary Judgment.

3.      At Monroe, I had a working relationship with Ability, which funded certain loans Monroe arranged with third parties.

4.      One of the loans Ability funded was a 2013 loan to an entity known as Green Box NA Green Bay LLC ("Green Box") in the amount of $7,150,000 ("Loan"), which, to my understanding, was made to permit Green Box to make certain improvements to a tissue factory on property in DePere, Wisconsin (the "Property").

5.      The Loan was funded by Ability through an entity called Maple Bridge Funding, LLC ("Maple Bridge"). Maple Bridge was previously engaged in originating various commercial loans made throughout the United States. I was one of the Managers of Maple Bridge.

6.      Maple Bridge was responsible for conducting due diligence into Green Box and securing collateral sufficient to fund the Loan. As one of the Managers of Maple Bridge, I supervised those efforts.

7.      In connection with the Loan, Maple Bridge obtained an assignment from Green Box of its right to receive payments of principal and interest from an $8,000,000 promissory note from ST Paper dated April 16, 2007 in favor of Oconto Falls Tissue Inc., which at that time was assigned to Green Box. I understand this note is referred to as "Note 1" and is the subject of this action.

8.      The Loan – funded by Ability -- was made on or around December 11, 2013 and was documented by various documents (the "Loan Documents") including, but not limited to, a $7.15 million promissory note made by Green Box in favor of Maple Bridge ("Green Box Note").

9.      To secure the Loan, Green Box provided: (1) a Mortgage on the Property; (2) an Assignment of Rights to Leases and Rents on the Property; (3) a Guarantee from Ronald Van Den Heuval; (4) an additional Guarantee from Environmental Advanced Reclamation Technology, Inc. (another company that, to my recollection, was associated with Mr. Van Den Heuval); and (5) an Assignment of Rights to Note 1 ("Assignment of Rights").

10.     Immediately following the closing of the Loan, Maple Bridge assigned all of its rights in the Loan to Ability, as evidenced by an allonge to the Green Box Note. It was Maple

Bridge's intention to assign all of its rights in and to the Loan, including all collateral securing the Loan, to Ability.

11.     Following Maple Bridge's assignment of the Loan and the collateral securing the Loan to Ability, Ability would be entitled to exercise the rights and remedies provided in the Loan Documents including, but not limited to, the right to execute on the collateral securing the Loan.

12.     As noted above, in my role as a representative of Monroe and as a manager of Maple Bridge, I have participated in multiple transactions where Ability has funded loans to borrowers. As a matter of course, because Ability funded the Loan, Maple Bridge would have assigned its interest in the Loan including any collateral obtained to Ability.

13.     To my knowledge, I understand Ability possesses the original executed version of Note 1. I personally delivered possession of the original executed version of Note 1 to Ability after the Loan was assigned to Ability.

I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.


DATED: New York, NY
Executed: September 10, 2021

/s __Jw Oh__