# EXHIBIT A

Case 2017CV000104  Document 85  Filed 05-08-2019  Page 1 of 11

FILED
05-08-2019
Clerk of Courts
Oconto County WI
2017CV000104

| | | |
|---|---|---|
| STATE OF WISCONSIN | CIRCUIT COURT | OCONTO COUNTY |

OCONTO FALLS TISSUE, INC.,

       Plaintiff,                         Case No.: 17CV104

v.

ST PAPER, LLC,
VHC, INC.,
DAVID VAN DEN HEUVEL,
NICOLET BANKSHARES, INC.
ABILITY INSURANCE COMPANY

       Defendants.

---

**DEFENDANT ABILITY INSURANCE COMPANY'S
BRIEF IN SUPPORT OF ITS MOTION TO DISMISS**

---

Defendant Ability Insurance Company ("Ability"), by its attorneys, the Law Firm of Conway, Olejniczak & Jerry, S.C., submits the following brief in support of its Motion to Dismiss Plaintiff's entire Amended Complaint against Ability. Because Plaintiff lacks standing to pursue a breach of contract claim against Ability, and because Plaintiff's Amended Complaint fails to state claims for breach of contract, breach of Wis. Stat. § 409.607, or negligence against Ability, this Court must dismiss Plaintiff's claims against Ability in their entirety pursuant to Wis. Stat. § 802.06(2).

**PLAINTIFF'S FACTUAL ALLEGATIONS**

According to Plaintiff[1], this matter concerns four (4) promissory notes executed by Defendant ST Paper, LLC ("ST Paper") in favor of Plaintiff in April 2007. (Am. Compl. ¶¶ 1-3). Plaintiff's claims against ability concern one of these notes, referred to as "Note 1." (Am.

---

[1] In a motion to dismiss for failure to state a claim such as this one, a party may not refer to matters outside the pleadings. Wis. Stat. § 802.06(2)(b). Accordingly, Ability relies on the factual allegations set forth in Plaintiff's Amended Complaint solely for the purpose of filing this motion. Ability reserves the right to contest such factual allegations in subsequent pleadings should this matter proceed beyond Ability's Motion to Dismiss.

Compl. ¶¶ 16, 126-134). According to Plaintiff, it assigned Note 1 to Maple Bridge Funding, LLC ("Maple Bridge"), and Maple Bridge later assigned Note 1 to Ability. (Am. Compl. ¶¶ 16, 127). Plaintiff claims these transfers are evidenced by Exhibits C and D to its Amended Complaint, but such exhibits instead show that Green Box NA Green Bay, LLC ("Green Box"), not Plaintiff, assigned Note 1 to Maple Bridge pursuant to an Assignment of Rights Agreement. (Am. Compl. Ex. C). Exhibit D evidences a separate assignment between Maple Bridge and Ability. (Am. Compl. Ex. D).[2] Nonetheless, Plaintiff argues that Ability breached both contractual and tort duties to the Plaintiff by failing to enforce or collect on Note 1. (Am. Compl. ¶¶ 126-134).

## LEGAL STANDARD

Failure to state a claim upon which relief can be granted is an absolute defense to another party's claim for relief. Wis. Stat. § 802.06(2)(a)(6). The purpose of a motion to dismiss is to test the legal sufficiency of a complaint. *Montalvo v. Borkovec*, 2002 WI App 147, ¶ 8, 256 Wis. 2d 472, 647 N.W.2d 413. In resolving a motion to dismiss, the court "accepts the facts pled as true for purposes of [its] review, [but is] not required to assume as true the legal conclusions pled by the plaintiffs." *Doe v. Archdiocese of Milwaukee*, 2005 WI 123, ¶19, 284 Wis. 2d 307, 700 N.W>2d 180 (citations omitted). A complaint should be dismissed for failure to state a claim when, upon a review of the allegations contained in the complaint, a defendant shows that "it is quite clear that under no conditions can the plaintiff recover upon the facts alleged and inferences reasonably drawn." *Morgan v. Pennsylvania General Ins. Co.*, 87 Wis. 2d 723, 731, 275 N.W.2d 660 (1979).

---

[2] Exhibit D to the Amended Complaint, which Plaintiff claims evidences the assignment of Note 1 from Maple Bridge to Ability, does not evidence such transaction but instead evidences the assignment of a promissory note between Green Box and Maple Bridge to Ability. (Am. Compl. Ex. D). Such promissory note is referenced in Exhibit C, but is not attached as an exhibit to Plaintiff's Amended Complaint. (Am. Compl. Ex. C).

2

## ARGUMENT

I.   **Plaintiff Lacks Standing To Assert a Breach of Contract Claim Against Ability.**

Plaintiff asserts a breach of contract claim against Ability, but fails to allege that any contract exists between Plaintiff and Ability. (*See generally* Am. Compl.). Likewise, none of the exhibits attached to Plaintiff's Amended Complaint evidence a contract between Plaintiff and Ability. (*Id.*). Only parties to a contract can sue to enforce a contract. *State ex rel. Journal/Sentinel, Inc. v. Pleva*, 155 Wis. 2d 704, 709, 456 N.W.2d 359 (1990). Because Plaintiff has not entered into a contractual relationship with Ability, Plaintiff lacks standing to pursue a breach of contract claim against Ability. *Id.* This Court must dismiss Plaintiff's breach of contract claim against Ability on this basis alone.

II.  **Plaintiff Fails To State a Claim Against Ability for Breach of Contract.**

   A.   **Plaintiff Fails To Allege That a Contract Existed Between Plaintiff and Ability.**

As an initial matter, Plaintiff's claim for breach of contract against Ability fails because Plaintiff has not even alleged that any contract existed between Plaintiff and Ability, therefore there is no contract that Ability could have breached. At the most basic level, a breach of contract claim requires proof that there was: (1) a contract between the plaintiff and the defendant; (2) failure of the defendant to do what it undertook to do (i.e., breach); and (3) damages. *Sears, Roebuck and Co. v. Bayshore Town Center, LLC*, 2017 WI App 50, ¶ 29, 377 Wis. 2d 335, 900 N.W.2d 871 (quoting *Brew City Redevelopment Grp., LLC v. Ferchill Grp.*, 2006 WI Ap 39, ¶11, 289 Wis. 2d 795, 714 N.W.2d 582). Yet, Plaintiff's Amended Complaint does not even identify the purported contract between Plaintiff and Ability that was breached by Ability, much less allege that a contract between Plaintiff and Ability existed. (*See generally* Am. Compl.). This alone requires that this Court dismiss Plaintiff's breach of contract claim

3

against Ability for failure to state a claim. Wis. Stat. § 802.06(2)(a)(6); *Sears, Roebuck and Co.*, 2017 WI App 50, ¶ 29.

At most, Plaintiff could argue that the purported assignment and allonge attached to its Amended Complaint as Exhibits C and D constitute contracts to which Ability is a party. However, those contracts do not form any contractual link between Plaintiff and Ability. Instead, those documents evidence a contract between Green Box and Maple Bridge (Am. Compl. Ex. C) and a related contract between Maple Bridge and Ability (Am. Compl. Ex. D), but no contractual link between Plaintiff and Green Box, Maple Bridge, or Ability. (Am. Compl. Exs. C & D). Absent any allegation of a contractual relationship between Plaintiff and Ability, Plaintiff fails to state a claim for breach of contract against Ability. Wis. Stat. § 802.06(2)(a)(6); *Sears, Roebuck and Co.*, 2017 WI App 50, ¶ 29.

### B. Plaintiff Fails To Allege That Ability Breached a Contract with Plaintiff.

Even if this Court finds that a contract existed between Plaintiff and Ability, this Court must still dismiss Plaintiff's breach of contract claim for failure to state a claim because Plaintiff fails to even allege that Ability breached any provision of a contract between Plaintiff and Ability. As noted above, a party asserting a breach of contract claim must prove, among other things, that the defendant failed to do what it undertook to do pursuant to the parties' contract. *Sears, Roebuck and Co.*, 2017 WI App 50, ¶ 29. Yet, Plaintiff does not allege that Ability breached any contract between Plaintiff and Ability. (*See generally* Am. Compl.). In fact, of the six paragraphs that make up Plaintiff's breach of contract claim against Ability (Am. Compl. ¶¶ 126-131), only one takes issue with the alleged acts and omissions of Ability. (Am. Compl. ¶ 129). That paragraph, however, does not allege that Ability breached a contract, but rather that Ability breached a statutory duty under Wis. Stat. § 409.607. (*Id.*). Without an actual allegation

4

that Ability breached a contract with Plaintiff, Plaintiff's breach of contract claim fails and must be dismissed for failure to state a claim. Wis. Stat. § 802.06(2)(a)(6); *Sears, Roebuck and Co.*, 2017 WI App 50, ¶ 29.

  **C. Note 1, the Assignment of Rights Agreement, and the Allonge Do Not Impose a Contractual Duty Between Plaintiff and Ability, and the Language of Note 1 and the Assignment of Rights Agreement Expressly Permit Ability's Alleged Non-Enforcement of Note 1.**

Even if this Court agrees with Plaintiff that Plaintiff's Amended Complaint sufficiently alleges that a contractual relationship exists between Plaintiff and Ability, this Court must still dismiss Plaintiff's breach of contract claim against Ability because the relevant documents attached as exhibits to Plaintiff's Amended Complaint confirm that Ability breached no contractual duty to Plaintiff (or any other party) to enforce Note 1. To the contrary, such documents provide that the holder of Note 1 has no duty to any party to enforce Note 1. Absent a contractual duty to enforce Note 1, there can be neither a breach of contract, nor an actionable claim for breach of contract against Ability. Wis. Stat. § 802.06(2)(a)(6); *Sears, Roebuck and Co.*, 2017 WI App 50, ¶ 29. Because Ability owed no contractual duties to Plaintiff to enforce Note 1, Plaintiff's breach of contract claim against Ability must be dismissed for failure to state a claim. *Id.*

  **1. Note 1 Does Not Impose a Contractual Duty Between Plaintiff and Ability Whereby Ability Must Enforce Note 1.**

As the language of Note 1 makes clear, Note 1 imposes no contractual duty on Ability (or any other holder) to collect on or enforce Note 1.[3] (*See* Am. Compl. Ex. B, pp. 1-2). To the contrary, Note 1 expressly provides that:

---

[3] Ability disputes that Note 1 creates any contractual relationship between Plaintiff and Ability.

5

> No delay or omission on the part of Payee <u>or any holder of this Note</u> in exercising any right or option given to Payee or such holder shall impair such right or option or be considered as a waiver thereof or acquiescence in any default hereunder.

(*Id.*, p. 2 (emphasis added)). Under the express language of Note 1, Ability (or any other subsequent holder of Note 1) has the contractual right to delay its collection of amounts owed pursuant to Note 1, or to not collect amounts owed pursuant to Note 1 altogether.[4] (*Id.*). A party to a contract cannot breach the contract by taking an action that is expressly authorized by the contract. *M&I Marshall & Ilsley Bank v. Schuleter*, 2002 WI App 313, ¶ 15, 258 Wis. 865, 655 N.W.2d 521. Here, that authorized action was inaction, Ability's delayed or non-exercise of its rights under Note 1. (Am. Compl. Ex. B, p. 2). Since Ability's non-collection under, and non-enforcement of, Note 1 does not violate the terms of Note 1, no claim for breach of contract can arise from Note 1.[5] Since no claim for breach of contract arises out of Note 1, Plaintiff's breach of contract claim against Ability must be dismissed for failure to state a claim. Wis. Stat. § 802.06.

    **2. The Assignment of Rights Agreement Between Green Box and Maple Bridge Does Not Impose a Contractual Duty Between Plaintiff and Ability Whereby Ability Must Collect On or Enforce Note 1.**

Even if the Assignment of Rights agreement (the "Assignment") between Green Box and Maple Ridge creates a contractual relationship between Plaintiff and Ability, the language of the Assignment also makes clear that no breach of contract claim against Ability arises under the Assignment.[6] Like Note 1, the Assignment expressly provides that an assignee of Note 1 shall not be liable failing to enforce Note 1:

---

[4] This is consistent with the preceding paragraph of Note 1, which provides that the holder of Note 1 has the <u>option</u> declare the note due upon the occurrence of an Event of Default. (*Id.*).
[5] Indeed, Plaintiff does not even allege that Ability breached a particular provision of Note 1. (*See generally* Am. Compl.).
[6] Ability disputes that the Assignment creates a contractual relationship between Plaintiff and Ability.

6

> Assignee and its agents <u>shall not be liable for any failure to exercise the rights, powers or remedies arising hereunder</u> or otherwise, <u>including</u> without limitation <u>any failure to collect, demand, sue for, enforce, recover, or receive the Receivables, or to take any steps or proceedings for any such purposes</u>. Assignee and its agents shall not be liable to Assignor for any loss or damage which Assignor may hereafter suffer or incur as a result of the negligence . . . of Assignee or any of its agents in the collection, enforcement, recovery, receipt or demand or suit for, the Receivables or the enforcement of its rights, powers or remedies hereunder.

(Am. Compl. Ex. C, ¶ 4). Again, a party to a contract cannot breach the contract by taking an action that is expressly authorized by the contract. *M&I Marshall & Ilsley Bank v. Schuleter*, 2002 WI App 313, ¶ 15, 258 Wis. 865, 655 N.W.2d 521. To the extent the Assignment is binding on Ability as an assignee of Note 1, the Assignment expressly permits Ability's alleged failure to enforce Note 1.[7] (Am. Compl. Ex. C, ¶ 4). Further, the Assignment expressly precludes an assignee from being liable for any failure to enforce Note 1. Since no contractual liability for failing to enforce Note 1 arises from the Assignment, Plaintiff's breach of contract claim must be dismissed for failure to state a claim.

### 3. The Allonge Executed by Maple Bridge Does Not Impose a Contractual Duty Between Plaintiff and Ability Whereby Ability Must Enforce Note 1.

The Allonge executed by Maple Bridge in favor of Ability also creates no contractual duties between Ability and Plaintiff. At most, the Allonge informs a non-party, Green Box, that payments under its promissory note with Maple Bridge are to be paid to Ability. (Am. Compl. Ex. D). The Allonge does not contain any language requiring Ability to enforce Note 1, nor does Plaintiff point to any language in the Allonge requiring Ability to take any action to enforce Note 1. (*See generally* Am. Compl.; *Id.* at Ex. D). Because Plaintiff can point to no portion of the

---

[7] Again, Plaintiff does not even attempt to allege that Ability breached any provision of the Assignment. (*See generally* Am. Compl.).

7

Case 1:20-cv-03851-GBD Document 85 Filed 05-08-2019 09/10/21 Page 8 of 14

Allonge breached by Ability, Plaintiff's claim for breach of contract fails and must be dismissed for failure to state a claim.

### III. Plaintiff Fails To State a Claim for Breach of Any Duty Owed Pursuant to Wis. Stat. § 409.607

Although Plaintiff's purported breach of contract claim does not include any allegation that Ability breached a contract with Plaintiff, or that Ability breached a contractual duty owed to the Plaintiff, Plaintiff does allege that Ability "failed and refused to permit [P]laintiff to sue under said Note in derogation of its duties under Wis. Stat. § 409.607." (Am. Compl. ¶ 129). To the extent Plaintiff attempts to assert a claim against Ability for the violation of Wis. Stat. § 409.607 or the breach of a duty owed under that statute, such claim fails as a matter of law and must be dismissed for failure to state a claim.

#### A. Wisconsin Stat. § 409.607 Does Not Apply Here Because the Statute Applies in the Event of a Default, and Plaintiff Has Not Alleged Facts Sufficient to Implicate the Statute.

Wisconsin Stat. § 409.607 is inapplicable here because the statute only applies upon the occurrence of a default. Plaintiff's Amended Complaint, however, fails to allege that any Event of Default contemplated by Note 1 occurred. (*See* Am. Compl. Ex. B, p. 2 (defining Events of Default); *see generally* Am. Compl.). Because the provisions of Wis. Stat. § 409.607 only apply in the event of a default, Plaintiff's failure to allege the occurrence of a default means that Plaintiff has failed to plead facts sufficient to state a claim for relief under Wis. Stat. § 409.607. Accordingly, this Court must also dismiss Plaintiff's claims against Ability under Wis. Stat. § 409.607 for failure to state a claim on this basis. Wis. Stat. §§ 802.06, 409.607.

#### B. The Duty of Proceeding in a Commercially Reasonable Manner Pursuant to Wis. Stat. § 409.607 Does Not Apply Here Because, According to Plaintiff, Ability Has Not Undertaken the Enforcement of Note 1.

8

Wisconsin. Stat. § 409.607(3) requires that secured parties "proceed in a commercially reasonable manner" under specified circumstances if the secured party: (1) undertakes to collect from or enforce an obligation of an account debtor or other person obligated on collateral; <u>and</u> (2) is entitled to charge back uncollected collateral or otherwise to full or limited recourse against the debtor or a secondary obligor. Wis. Stat. § 409.607(3). Accordingly, the duty to proceed in a commercially reasonable manner only applies once a party seeks to enforce a note. Wis. Stat. § 409.607(3)(a). Even if this Court believes that Ability is a secured party under Wis. Stat. § 409.607, Plaintiff expressly alleges that Ability "failed and refused to attempt enforcement" of Note 1, such that the "undertaking of collection or enforcement" requirement of Wis. Stat. § 409.607(3)(a) is not present here. (Am. Compl. ¶ 129). Accepting Plaintiff's allegations as true pursuant to Wis. Stat. § 802.06, as a matter of law, Ability owed no duty to Plaintiff or any other party to "proceed in a commercially reasonable manner" under Wis. Stat. § 409.607(3). Because Wis. Stat. § 409.607(3) is the only subsection of Wis. Stat. § 409.607 that imposes a duty, and such duty is not implicated here, Plaintiff fails to state a claim for breach of Wis. Stat. § 409.607 and its Amended Complaint against Ability must be dismissed. Wis. Stat. §§ 802.06, 409.607.

IV. **Plaintiff Fails To State a Claim Against Ability for Negligence.**

In support of its negligence claim against Ability, Plaintiff alleges only that Ability has a duty to either enforce Note 1 or assign it back to Plaintiff so that it can sue under Note 1. (Am. Compl. ¶ 134). To survive a motion to dismiss a negligence claim for failure to state a claim, a plaintiff "must plead sufficient facts to establish all four elements" of negligence. *Cattau v. National Ins. Servs. of Wisconsin, Inc.*, No. 2016AP493, 2018 WL 2997574 at ¶ 22, 383 Wis. 2d 600, 918 N.W.2d 127 (Ct. App. 2018). This means that Plaintiff must plead, among other

9

elements, that a duty of care existed as a matter of law whereby Ability owed a duty to refrain from engaging in acts that could unreasonably injure Plaintiff. *Id.* (citing *Brenner v. Amerisure Mut. Ins. Co.*, 2017 WI 38, ¶ 12, 374 Wis. 2d 578, 893 N.W.2d 193; *Nichols v. Progressive N. Ins. Co.*, 2008 WI 20, ¶ 11, 308 Wis. 2d 17, 746 N.W.2d 220). As a matter of law, Plaintiff does not satisfy this requirement here.

Although Plaintiff alleges that Ability "has a duty to either enforce the Note or assign it back to Plaintiff . . . ," this allegation fails as a matter of law. Longstanding principles of Wisconsin law provide that where a promissory note is pledged as collateral security, and the pledgor endorses the note to a pledgee, the pledgee is not required to sue the original maker of the note to enforce the note, nor can the indorser/pledgor of the note compel the holder/pledgee of the note to sue the maker of the note first. *Walmer v. First Acceptance Co.*, 192 Wis. 300, 212 N.W. 638, 640-41 (1927). Thus, as a matter of Wisconsin law, neither Ability nor any other holder of Note 1 owed a duty to Plaintiff or any other pledgor to enforce Note 1 or assign it back to Plaintiff to sue on Note 1. *Id.* Because Ability owed no such duty, and because Plaintiff does not identify any other duty that gives rise to a negligence claim against Ability, Plaintiff fails to state a claim in negligence against Ability as a matter of law such that this Court must dismiss Plaintiff's negligence claim against Ability. *Id.*; *see also* Wis. Stat. § 802.06; *Cattau* 2018 WL 2997574 at ¶ 22.

## **CONCLUSION**

Based on the foregoing, Defendant Ability Insurance Company respectfully requests that the Court enter an Order dismissing the entirety of Plaintiff's Amended Complaint as it pertains to Ability.

10

Dated this 8th day of May, 2019

                LAW FIRM OF CONWAY, OLEJNICZAK & JERRY, S.C.
                Attorneys for Defendant Ability Insurance Corporation


                By: *Electronically signed by Steven J. Krueger*
                      Steven J. Krueger


POST OFFICE ADDRESS:
231 S. Adams Street
Green Bay, WI 54301
P. O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
State Bar No. 1064350

*861915.036:3100939*

Case 7:17-cv-04104-CS Document 85 Filed 05/08/2019 Page 11 of 11
Case 1:20-cv-03851-GBD Document 72-1 Filed 09/10/21 Page 12 of 12