# EXHIBIT B

FILED
03-08-2019
Clerk of Courts
Oconto County WI
2017CV000104

## ASSIGNMENT OF RIGHTS

Simultaneously with the execution and delivery of this Assignment of Rights (the "Assignment"), Maple Bridge Funding, LLC, a Wyoming limited liability company ("Assignee") has agreed to make a loan to Green Box NA Green Bay, LLC, a Wisconsin limited liability company ("Assignor"), in the principal sum of Seven Million One Hundred Fifty Thousand and 00/100 Dollars ($7,150,000.00) (the "Loan") in lawful money of the United States of America, such Loan being evidenced by various documents (the "Loan Documents") including, but not limited to, that certain Promissory Note (which instrument, as it may be amended, restated, renewed and extended, is hereinafter referred to as the "Note") of even date herewith issued by Assignor and payable to Assignee, with interest thereon, all at the rate and on the terms set forth in the provisions of the Note, with final maturity no later than June 1, 2015 (all of which are hereby incorporated by reference herein).

As a specific condition to the making of the Loan, Assignee has required Assignor execute and deliver this Assignment in favor of Assignee and Assignor has determined it is in its interest to execute this Assignment and that Assignor will receive substantial benefit from the Loan being made by Assignee to Assignor.

THEREFORE, BY THIS AGREEMENT, Assignor, for valuable consideration, the receipt of which is hereby acknowledged, does hereby assign, transfer, convey and set over to Assignee all of Assignor's right, title and interest in and to all payments of principal and interest, all distributions, redemption proceeds, cash, warrants, rights, options, instruments, securities, receivables and other property or proceeds now due, owing or accruing due or which may hereafter become due, owing or accruing due (collectively, the "Receivables") to Assignor from ST Paper, LLC, a Delaware limited liability company ("Maker") under and with respect to that certain promissory note executed by Maker in favor of Oconto Falls Tissue, Inc., a Wisconsin corporation, dated April 16, 2007 identified as "Note 1" (the "Note"), in the original principal amount of Eight Million and 00/100 Dollars ($8,000,000.00) and assigned to Assignor by written Allonge of even date herewith.

TO HAVE AND TO HOLD the same from this day forward so long as any part of the Obligations (as hereinafter defined) of Assignor in favor of Assignee pursuant to the Loan, remains unpaid and unperformed.

This Assignment is made as and shall constitute collateral security for any and all obligations, indebtedness and liabilities of any kind and nature of Assignor to Assignee from time to time, direct or indirect, absolute or contingent, liquidated or unliquidated, as principal or surety, alone or with others, of whatsoever nature or kind, in any currency or otherwise, due or to become due, now existing or hereafter arising, under or related to the Loan (the "Obligations"). The assignment contemplated hereunder shall be continuing collateral security to Assignee without impairment or novation of any other existing or future security and shall operate as a general security for the payment, performance and satisfaction of the Obligations.

1. Assignor represents, warrants and covenants that:


EXHIBIT C

(a) Assignor is the owner and holder of the Note; the current balance of the Note is $12,950,201.55; and it is entitled to receive all payments of interest and principal on the Note, as and when paid by Maker;

(b) Assignor has good right and authority to make this Assignment;

(c) Assignor has not heretofore alienated, assigned, pledged or otherwise disposed of or encumbered its interest in the Note (except any outright assignment of the Note requires the consent of Goldman Sachs Credit Partners, L.P.) or its right to receive payment of interest and principal on the Note, as and when paid by Maker;

(d) Assignor will make no other assignment of its interest in the Note or of any right or interest therein including, but not limited to, the right to receive payment of interest and principal as and when paid by Maker;

(e) Assignor will deliver to Assignee, simultaneous with the execution of this Assignment, the original of the Note which shall be held by Assignee pursuant to the terms and conditions set forth herein and returned to Assignor upon payment of the Obligations in full.

2. Assignor hereby authorizes Assignee, upon the occurrence of an Event of Default by Assignor hereunder or under the Loan Documents, which remains uncured after the expiration of any grace period provided herein or therein, to receive any and all payments of interest and principal on the Note to the extent of the outstanding balance of the Loan. For purposes hereof, an Event of Default under this Assignment shall be mean (a) Assignor's breach of any material covenant or other term or condition of this Assignment which is not cured within thirty (30) days following written notice of such breach by Assignee; (b) any material representation or warranty of Assignor made herein shall be false or misleading in any material respect; (c) the dissolution, liquidation or winding up by Assignor of a substantial portion of its business; (d) Assignor shall make an assignment for the benefit of creditors, or apply for or consent to the appointment of a receiver or trustee for it or for a substantial part of its property or business or such a receiver or trustee shall otherwise be appointed; or (e) the bankruptcy, insolvency, reorganization or liquidation proceedings or other proceedings or relief under any bankruptcy law or any law, or the issuance of any notice in relation to such event, for the relief of debtors shall be instituted by or against Assignor. Assignor hereby authorizes Maker to accept this Assignment and irrevocably authorizes and directs Maker, upon delivery of written notice by Assignee to Maker, in accordance with this Agreement, of the occurrence of an Event of Default (a "Default Notice"), to deliver any and all payments of interest and principal on the Note to Assignee to the full extent of the Obligations to an account maintained at JP Morgan Bank, N.A., ABA Routing Number 021000021, Account Number 496-653-465. In consideration of Maker's compliance with such direction, Assignor hereby (i) releases, indemnifies and holds harmless Maker, its officers, managers, members, insurers, partners, directors, agents, servants, employees, predecessors, successors, assigns and their respective heirs, executors and administrators (the "Released Parties"), from any claims, damages, liabilities or expenses Assignor might otherwise have or assert against any or all of the Released Parties by reason of Maker paying Receivables to Assignee and (ii) covenants not to initiate any legal proceedings of any nature against any or all of the

2

ABILITY 0047

Released Parties arising out of the same. Maker shall be entitled to rely on any Default Notice it receives from Assignee pursuant to this Agreement.

3. Assignor does hereby make, constitute and appoint Assignee, its successors and assigns, Assignor's true and lawful attorney in fact, with full power of substitution, and in Assignor's name, place and stead, or otherwise, upon the occurrence of an Event of Default, as described above:

(a) To do, execute, acknowledge, obtain and deliver any and all instruments, documents, acts, items or things necessary or required as a term, condition or provision by Maker prior to the payment of any Receivable;

(b) To give any notices, instructions, or other communications to Maker in connection with this Agreement or the Loan Documents; and

(c) To file any claim or to take any other action or proceeding, either in its own name or in the name of Assignor, or otherwise, to enforce payment of any Receivable.

4. Assignee shall not be subject to any obligation or liability to Maker, including, without limitation, any duty to perform any of the terms, conditions, provisions or agreements made by Assignor under the Note, but any and all such obligations and liabilities shall continue to rest upon Assignor as though this Assignment had not been made. Assignee and its agents shall not be liable for any failure to exercise the rights, powers or remedies arising hereunder or otherwise, including without limitation any failure to collect, demand, sue for, enforce, recover or receive the Receivables, or to take any steps or proceedings for any such purposes. Assignee and its agents shall not be liable to Assignor for any loss or damage which Assignor may hereafter suffer or incur as a result of the negligence (but not gross negligence or wanton or willful misconduct) of Assignee or any of its agents in the collection, enforcement, recovery, receipt or demand or suit for, the Receivables or the enforcement of its rights, powers or remedies hereunder. Subject to the foregoing, Assignee shall use reasonable care in the custody and preservation of collateral in its possession.

5. This Assignment and the power of attorney contained herein are solely for the benefit and protection of Assignee, its successors and assigns. Assignee shall have no obligation to exercise any of the foregoing rights and powers in any event. The power of attorney given herein is a power coupled with an interest and shall be irrevocable so long as any part of the Obligations remain unpaid or unperformed.

6. Notwithstanding any other provision of this Assignment, any provision of any instrument executed in connection with the Loan, and notwithstanding any failure on the part of Maker to comply with and honor the rights granted to Assignee herein, Assignor shall repay the Loan.

7. The taking of this Assignment by Assignee shall not affect the release of any other collateral now or hereafter held by Assignee as security for the Loan, nor shall the taking of additional security for the Loan hereafter effect a release or termination of this Assignment, or any terms or provisions hereof.

3

ABILITY 0048

8. This Assignment and the rights and obligations of the parties hereunder shall be construed and interpreted in accordance with the laws of the State of Wisconsin.

9. Time is of the essence hereof. This Assignment shall be binding upon Assignor and its successors and assigns and shall inure to the benefit of Assignee its successors and assigns, but is not intended to confer upon any person other than the parties hereto and their successors and assigns any right or remedies under or by reason of this Assignment.

10. In the event it becomes necessary for Assignee to employ legal counsel or to bring an action at law or other proceeding to enforce any of the terms, covenants or conditions of this Assignment, Assignor shall pay all costs and reasonable attorneys' fees incurred by Assignee. Such costs and attorneys' fees shall be set by the court and not by jury, shall be included in any judgment obtained by Assignee, and shall be secured by the Loan Documents.

11. No failure or delay on the part of Assignee in exercising any right, power or privilege hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power or privilege. The rights and remedies hereunder are cumulative and may be exercised by Assignee either independently of or concurrently with any other right, remedy or power contained herein or, in the case of Assignee, in any instrument executed in connection with the Loan.

12. Any notice required or provided for herein shall be in writing and shall be delivered personally or sent by certified mail or reputable courier service with charges prepaid, to the address for Assignor and Assignee as hereinafter set forth or at such other address as either Assignor or Assignee shall designate by written notice as provided in this paragraph. Notice shall be deemed given on the date received. Any notice which is rejected, the acceptance of which is refused or which is incapable of being delivered during normal business hours at the address provided herein or such other address designated pursuant hereto shall be deemed received as of the date of the attempted delivery.

Assignor:

Green Box NA Green Bay, LLC
2077B Lawrence Drive
De Pere, Wisconsin 54115
Attn.: Ronald Van Den Heuvel

ABILITY 0049

Assignee:

Maple Bridge Funding, LLC
55 N Water Street, Ste. 3
South Norwalk, Connecticut 06854
Attn.: Tim O'Shea, Manager

13.     All moneys received by Assignor from the collection of or in satisfaction of the Receivables or any of them shall be received and held by Assignor in trust for Assignee.

14.     Any and all payments made in respect of the Obligations from time to time shall be applied in accordance with the provisions of the Loan Documents.

15.     Assignor acknowledges the right of Assignee as the absolute assignee of the Receivables, either directly or through its agents, to collect, demand, sue for, enforce, recover or receive as Assignee and its agents may consider expedient, and to give valid and binding receipts and discharges therefor and in respect thereof, either in the name of Assignee or in the name of Assignor, without notice to Assignor to the extent permitted by law and without prejudice to any rights which Assignee has against other persons and without prejudice to the rights Assignee may have against Assignor for any deficiency.

16.     In addition to those rights granted herein and any other rights Assignee may have at law, in equity or otherwise, Assignee shall have all rights and remedies of a secured party under applicable personal property security laws.

17.     Capitalized terms used herein but not defined shall have the meanings ascribed thereto in the Loan Documents.

18.     Each of the provisions contained in this Agreement is distinct and severable and a declaration of invalidity or unenforceability of any such provision or part thereof by a court of competent jurisdiction shall not affect the validity or enforceability of any other provision hereof. To the extent permitted by applicable law, the parties waive any provision of law which renders any provision of this Agreement invalid or unenforceable in any respect. The parties shall engage in good faith negotiations to replace any provision which is declared invalid or unenforceable with a valid and enforceable provision, the economic effect of which comes as close as possible to that of the invalid or unenforceable provision which it replaces.

19.     No amendment or waiver of this Agreement shall be binding unless executed in writing by Assignor and Assignee. No waiver of any provision of this Agreement shall constitute a waiver of any other provision nor shall any waiver of any provision of this Agreement constitute a continuing waiver unless otherwise expressly provided.

20.     NEITHER ASSIGNEE (BY ITS ACCEPTANCE HEREOF) NOR ASSIGNOR SHALL BE RESPONSIBLE OR LIABLE TO THE OTHER OR TO ANY OTHER PERSON FOR ANY PUNITIVE, EXEMPLARY OR CONSEQUENTIAL DAMAGES WHICH MAY BE ALLEGED AS A RESULT OF THIS ASSIGNMENT OR THE TRANSACTION

5

CONTEMPLATED HEREBY, INCLUDING ANY BREACH OR OTHER DEFAULT BY ANY PARTY HERETO.

21. TO THE MAXIMUM EXTENT PERMITTED BY LAW, ASSIGNOR AND ASSIGNEE (BY ITS ACCEPTANCE HEREOF) HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE THE RIGHT TO A TRIAL BY JURY IN RESPECT OF ANY LITIGATION BASED ON THE TRANSACTION CONTEMPLATED BY THIS ASSIGNMENT OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS ASSIGNMENT OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENT (WHETHER VERBAL OR WRITTEN) OR ACTION OF ANY PARTY OR ANY EXERCISE BY ANY PARTY OF THEIR RESPECTIVE RIGHTS UNDER OR IN ANY WAY RELATING TO THIS ASSIGNMENT (INCLUDING ANY ACTION TO RESCIND OR CANCEL THIS ASSIGNMENT, AND ANY CLAIM OR DEFENSE ASSERTING THAT THIS ASSIGNMENT WAS FRAUDULENTLY INDUCED OR IS OTHERWISE VOID OR VOIDABLE). THIS WAIVER IS A MATERIAL INDUCEMENT FOR ASSIGNEE TO ACCEPT THIS ASSIGNMENT. ASSIGNOR AND ASSIGNEE HEREBY IRREVOCABLY SUBMIT TO THE JURISDICTION OF ANY FEDERAL OR STATE COURT IN THE STATE OF WISCONSIN IN ANY ACTION, SUIT OR PROCEEDING BROUGHT AGAINST IT AND RELATED TO OR IN CONNECTION WITH THIS ASSIGNMENT AND TO THE EXTENT PERMITTED BY APPLICABLE LAW, THE PARTIES HERETO HEREBY WAIVE AND AGREE NOT TO ASSERT BY WAY OF MOTION, AS A DEFENSE OR OTHERWISE, IN ANY SUCH SUIT, ACTION OR PROCEEDING ANY CLAIM THAT IT IS NOT SUBJECT TO THE JURISDICTION OF SUCH FEDERAL OR STATE COURTS, THAT THE SUIT, ACTION OR PROCEEDING IS BROUGHT IN AN INCONVENIENT FORUM, THAT THE VENUE OF THE SUIT, ACTION OR PROCEEDING IS IMPROPER, OR THAT THIS ASSIGNMENT OR ANY OTHER DOCUMENT OR INSTRUMENT REFERRED TO HEREIN OR THE SUBJECT MATTER HEREOF OR THEREOF MAY NOT BE LITIGATED IN OR BY SUCH FEDERAL OR STATE COURTS.

[The remainder of this page has been left intentionally blank.]

ABILITY 0051

IN WITNESS WHEREOF, Assignor has executed this Assignment as of the 11th day of December, 2013.

ASSIGNOR:

Signed in the presence of:

*[signature]*
Coley Piotch
Typed or Printed Name

*[signature]*
Tami Kersten
Typed or Printed Name

GREEN BOX NA GREEN BAY, LLC,
a Wisconsin limited liability company
By: ENVIRONMENTAL ADVANCED
RECLAMATION TECHNOLOGY HQ,
LLC, a Wisconsin limited liability company,
its Manager

By: *[signature]*
Name: Ronald Van Den Heuvel
Title: Chairman

STATE OF WISCONSIN )
                    )ss.
COUNTY OF           )

Be it known, that on this 11th day of December, 2013, before me, a Notary Public, in and for said County and State, personally came Ronald Van Den Heuvel, who acknowledged himself/herself to be the Chairman of Environmental Advanced Reclamation Technology HQ, LLC, a Wisconsin limited liability company, as Manager of GREEN BOX NA GREEN BAY, LLC, a Wisconsin limited liability company, to me personally known to be the person who executed the foregoing instrument, and acknowledged that he/she executed the same freely and voluntarily for the uses and purposes mentioned in it and as the free act and deed of the said limited liability company.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

*[signature]*
Michael A. Beita, Notary Public

Brown County

Commission Expires: 3-27-16   My

7

ABILITY 0052



ABILITY 0053